## JAMES E. F. HENRY, M. D. *vs.* AMERICAN ENAMEL COMPANY.

### JANUARY 28, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Workmen's Compensation Act.  Knowledge of Employment of Physician.*

Workmen's Compensation Act, Art. II, sec. 5, G. L. 1923, cap. 92, permits the employee to select his own physician and provides that the employer shall become liable to such physician for reasonable fees provided the physician gives written notice to the employer within seven days after beginning treatment and presents his claim for payment to the employer within three months after conclusion of treatment.

*Held*, that actual knowledge of the physician's name within seven days after commencement of treatment operated as a waiver of the employer's right to further notice in writing.

(*2*)    *Workmen's Compensation Act.    Physician's bill for Services.    Time.*

Where the Workmen's Compensation Act provides that a physician selected by the employee shall present his claim for payment to the employer within three months after conclusion of treatment, the fact that the name of the physician is known to the employer, is not a waiver by the employer of the right to receive a bill within three months from the conclusion of the treatment.

(*3*)    *Workmen's Compensation Act.    Statute of Limitations.    Claim of Physician.*

A claim presented by a doctor apart from the claim of the employee is not an "employee's claim for compensation" within the meaning of the Workmen's Compensation Act.

(*4*)    *Workmen's Compensation Act.    Claim of Physician.    Statute of Limitations.    Petition in Equity.*

The claim of a physician under the Workmen's Compensation Act against the employer, is a petition in the nature of a petition in equity, and while no specific statute of limitations in the act applies to the presentation of such a claim, uniformity of construction warrants the adoption of a like period of two years to bar such claim as in the case of all other claims prosecuted under the act.

PETITION under Workmen's Compensation Act. Heard on appeal from decree refusing relief and appeal dismissed.

BARROWS, J. This is an appeal from a decree of the Superior Court refusing relief under the Workmen's Compensation Act. Petitioner sought allowance of his bill for medical services rendered to an employee of respondent. The services were rendered at the instance of the employee, starting September 17, 1920. The bill of the doctor against the employer was presented January 31, 1924, and the petition now before us was filed March 22, 1926.

Petitioner's claim against the respondent is created by and subject to the terms of the Workmen's Compensation Act. Article II, Sec. 5 (1216), G. L. 1923, Ch. 92, permits the employee to select his own physician and provides that the employer shall become liable to such physician for reasonable fees provided the doctor gives written notice to

the employer within seven days after beginning treatment and presents his claim for payment to the employer within three months after conclusion of treatment. Treatments were concluded in this case on October 18, 1920. The employer had knowledge that they were being given by petitioner but was without knowledge of the amount of the charge until 1924. Article III, Sec. 17 (1254), G. L. 1923, Ch. 92, provides that an employee's claim for compensation shall be barred unless an agreement or petition be filed within two years after occurrence of the injury.

Respondent's objection to the present claim was because (1) petitioner failed to give written notice of the employment within seven days; (2) petitioner failed to present his claim to respondent within three months after conclusion of treatment; (3) petitioner failed to commence legal proceedings against respondent within two years after occurrence of the injury.

(1) The injured employee after being sent to a hospital by the employer stated to respondent his preference for treatment by petitioner. The employer knew within the seven days that the employee was being treated by petitioner. Although written notice of employment is made a proviso to allowance of the doctor's claim, such notice could have added nothing to the employer's information nor could failure to give it have affected him prejudicially. He had no power to veto the choice. The spirit of the act calls for, and we have adopted, a liberal interpretation of Article II, Sec. 20 (1231), when employees have failed to give notice of an injury by reason of accident and mistake. *Desrochers v. Atwood-Crawford Co.*, 131 Atl. 48, 47 R. I. 116. While it is true that said section expressly provides that want of notice of an injury shall not be a bar to proceedings if the employer has actual knowledge and that there is not a similar provision in Sec. 5 (1216) of Article II, relating to notice of claim by the doctor, actual knowledge of the physician's name within seven days after commencement of treatment should operate as a waiver of the employer's

right to further notice in writing.   Such holding is in keeping with the spirit of the act seeking to provide redress without insistence upon useless technicalities.

(2)   Waiver of the employer's right to have the bill sent is not a necessary sequence of waiver of written notice of the physician's employment.   The sending of a bill is to give the employer definite information.   An outstanding purpose of the compensation act is to provide speedy relief for lost earning capacity of an injured employee and in order to do justice to the employer it seeks to secure to him such information as will enable him early to check up and verify the claims for lost time and employee's medical expenses. The act compels the employer to assure these payments by insurance or otherwise.   Art. V.   It contemplates a full and prompt disclosure of the facts to the employer.   The employee who selects his own physician does not act as agent for the employer in so doing.   The employer does not, by failure to protest against a doctor, ratify his employment by the employee or set the stamp of his approval thereto. The employer might even disapprove of the selection.   If so, he would certainly want early information about the amount of the bill.   In addition to his interest in the amount of the bill, the employer is interested in the length of time the employee's injury continues or is claimed to have continued and is entitled to an opportunity to investigate the reasonableness of the claim at or about the time it accrues. Payments of compensation are items of business "overhead" and the employer must make his own contracts on the basis of this overhead.   All factors entering into it should be known promptly.   The spirit of the act is to expedite payments to the employee and definitely to give early information to the employer about the amounts which he may be called upon to pay.   *Petraska* v. *Nat'l. Acme Co.*, 113 Atl. 536 (Vt.).   In the case before us no knowledge of the amount of the doctor's bill came to respondent for more than three years after it had accrued.   Because respondent knew the doctor's name, the right to receive a bill

within three months from the conclusion of the doctor's treatments was not waived.   Dismissal of the petition would have been warranted because of failure to send petitioner's bill within three months after treatments ceased.

(3) The claim for the doctor's services if paid and made by the employee, as it could have been, *Harding* v. *Imperial Finishing Co.*, 45 R. I. 390, would have been an employee's claim for compensation subject to the two year statute of limitations in the Workmen's Compensation Act. Art. III, Sec. 17 (1254); *Giannotti* v. *Giusti Bros.*, 41 R. I. 122.   As presented by the doctor apart from the claim of the employee, it is not an "employee's claim for compensation" within the meaning of the act.   The act has defined an employee inclusively and exclusively.   Art. VIII, Sec. 1 b (1290).   The word includes the injured person and his representatives, dependents, conservator or guardian.   It does not include employees for purposes other than the employer's business.   At the time this definition was enacted in 1912 no one other than an employee had a right to proceed directly against an employer except the person who paid the expenses of the last sickness and burial, in the event of the injured employee's death without dependents. Art. II, Sec. 6 (1217) and Sec. 9 (1220).   The later insertion in the act of a doctor's right to direct procedure against the employer created another claimant who was not an employee in any formerly defined use of the term.   It seems to us an unwarranted extension of terms to call a doctor's claim for services prosecuted independently of the injured man that of an employee for compensation.   It surely is not an employee's claim for compensation for an injury,— see *Paolis* v. *Tower Hill*, *etc.*, 108 Atl. 638; *Petraska* v. *Nat'l. Acme Co.*, 113 Atl. 536 (Vt.),—such as is given in lieu of all other rights.   Art. I, Sec. 7 (1211).   The doctor's rights against the patient who summons him remain unimpaired.

The claim, though not an employee's claim, is one for compensation under the act.   It has no existence or en-

forcibility apart from the act. The doctor was given it that he might summarily proceed against the party ultimately responsible for the medical services. "Compensation" in the act means either payments in lieu of the workman's lost earnings or capacity following an injury or payments connected with the last illness and burial if there be no dependents or payments for medical services. Compensation of the first type is expressly barred by a two year statute of limitations. Does any limitation apply to the doctor's right to present his own claim for compensation?

As this is not an action at law the six year limitation in actions of assumpsit does not specifically apply. Article III, Sec. 14 (1251), Workmen's Compensation Act, makes the procedural purpose of the act such as will secure a "speedy . . . disposition of all proceedings under this chapter". A six year statute of limitations, or no limit, is not a speedy disposition when other claims must be prosecuted within two years. Article III, Sec. 2 (1239) provides for prosecution of all claims for compensation by "a petition (4) in the nature of a petition in equity". The doctor's is such a petition. He is bound by restrictions of the act as to the amount of his bill. He could recover whatever might be reasonable in a suit at law against the employee on the direct contract and he might sue thereon within six years; but he can not recover such an amount against the employer unless it be smaller in amount than that prescribed in the act. This is a new right. It is not the giving of an action equivalent to assumpsit against the employer. Limitations of the right must be considered in the light of its creation. The employee, whose rights also spring from the act, must proceed within two years. This limit is to protect the employer against stale claims. The claim if pressed directly by the doctor after two years is no less stale and the disadvantage to the employer is the same. The Superior Court has exclusive jurisdiction to hear the doctor's claim against the employer. Equitable principles prevail in such hearings. Stale claims are not favored in a court exclusively

exercising equitable jurisdiction although equity often follows the law as to statutes of limitation. *Taylor* v. *Slater*, 21 R. I. 104. Following the law of limitations in actions of assumpsit seems inappropriate where the right to be enforced springs from the Workmen's Compensation Act wherein claims expressly limited to two years constitute a large percentage of all that can be made. It would seem more fitting to follow the law in respect to limitation of claims expressly contained in the act creating the doctor's rights. Uniformity urges the adoption of a like period to bar the physician's claim as in the case of all other claims prosecuted under the act. Such view is supported by the general requirements of the act for expedition and avoids the inconsistency of exposing the employer for two years if the claim be made by the employee and for some indeterminate period if made by the doctor. We do not believe that the legislature intended in the Workmen's Compensation Act to apply different statutes of limitations to different claims brought under the act. Our conclusion is that petitioner is barred from recovery both by failure to present his bill within three months of termination of his services and for failure to commence legal proceedings within two years after occurrence of the injury.

There is nothing in the record to bring before us in any way Petition No. 292, Workmen's Compensation, *Wright* v. *The American Enamel Co.*, filed October 27, 1920.

The appeal is dismissed; the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Fergus J. McOsker,* for petitioner.

*Frederick A. Jones,* for respondent.