RALPH I. PICKERING *et al. vs.* MILDRED B. PICKERING.

JANUARY 31, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

114

CAPOTOSTO, J. This case is before us on appellants' exception to the decision of a justice of the superior court, sitting without a jury, allowing and admitting to probate a certain testamentary writing of one Olney L. Pickering, late of the town of Blackstone in the Commonwealth of Massachusetts. The town of Blackstone adjoins the city of Woonsocket in Rhode Island.

Olney L. Pickering at the time of his death was a domiciled resident of Blackstone. He died in that town in February 1929, the exact day being unknown, leaving an instrument entitled "Codicil to my will", hereinafter referred to as the will for convenience.

The facts in relation to this instrument are undisputed. The record shows that on January 1, 1928, in Blackstone, the testator executed or acknowledged the will, which is in his own handwriting, before *two* attesting witnesses. It is sufficient for the purposes of this case to state that the will refers to a certain bankbook, representing money on deposit in the Mechanics Savings Bank of Woonsocket, now part of the Rhode Island Hospital Trust Company. No original will has ever been found or accounted for since Olney Pickering's death in 1929.

The parties agree that the writing in question has no testamentary standing as a will in Massachusetts since it is

signed by only two attesting witnesses, while three such witnesses are required by the laws of that state. But the appellee contends, and the trial justice so found, that such writing has the force and effect of a will in this state under the provisions of general laws 1923, chapter 361, sec. 8, now general laws 1938, chapter 572, § 8. The appellants, on the other hand, deny that the statute just cited is of any benefit to the appellee and insist that the trial justice was in error in deciding that such writing was a valid will under our laws.

The determination of this question involves a consideration of various statutes concerning wills. In so far as pertinent the statutes involved are as follows: G. L. 1923, chap. 298, (now G. L. 1938, chap. 566) entitled: "Of Disposal of Property by Last Will." Section 13 reads: "No will shall be valid, excepting as provided in § § 20 and 35 of this chapter", unless, among other provisions, it is attested by two or more subscribing witnesses. Section 20 has no bearing on this case. Section 35 says: "Any last will and testament, executed without this state in the mode prescribed by the law, either of the place where executed or of the testator's domicile shall be deemed to be legally executed, and shall be of the same force and effect as if executed in the mode prescribed by the laws of this state: *Provided,* said last will and testament is in writing and subscribed by the testator."

The "General Jurisdiction of Probate Courts" is the title of G. L. 1923, chap. 358, (now G. L. 1938, chap. 569). The first clause of § 1 of this chapter is as follows: "Every probate court shall have jurisdiction, in the town or city in which it is established, of the probate of wills . . . ." The last sentence of this rather long section reads: "The jurisdiction assumed in any case by the court, so far as it depends on the place of residence of a person, shall not be contested in any suit or proceedings except in the original case . . . ."

General laws 1923, chap. 361, (now G. L. 1938, chap. 572) is entitled: "Custody and Probate of Wills." Section 1 reads: "A will may be deposited by the testator, or by any person for him, in the office of the probate clerk in the city or town where the testator lives, to be safely kept until delivered or disposed of as hereinafter provided . . . ." The appellee relies upon § 8 of this chapter to support the decision of the trial justice. That section is as follows: "The will, duly executed, of any person who resides without the state at the time of his decease may be proved before the probate court of any town where any estate is situated upon which such will may operate."

These statutes all relate to the making, custody and probate of wills. They are therefore to be construed with reference to each other as parts of one system, and the legislative intent, thus ascertained, must be given effect. We are aware that with us the title of a statute cannot control or vary the meaning of the enacting part, if the latter is plain and unambiguous. But if there is doubt or obscurity as to the meaning of different statutes when considered in relation to each other, or of a provision in the body of a particular statute, the title may be consulted, as a guide to the probable meaning of the legislature, and should be accorded some weight in the interpretation. *Blais* v. *Franklin*, 31 R. I. 95, 105, 106.

In considering the question before us, we must keep in mind that we are dealing with statutes concerning interrelated parts of one system which the legislature has provided for the devolution of property by will. If there is any ambiguity or inconsistency in the language of these statutes, we should adopt that interpretation which will give effect to all the clauses in those statutes as interdependent parts of a composite whole. See *Ainsworth* v. *Saybrooke Mfg. Co., Inc.,* 60 R. I. 290, 293, 198 A. 348, 350.

It is clear that at common law a will of personal property is governed by the law of the place of the testator's domicile at the time of his death. *Lapham* v. *Olney*, 5 R. I. 413. 2 L. R. A., (N.S.) 415, note; 68 C. J. 624. It is also well settled that it is not to be presumed that a statute is intended to change a rule of common law unless such an intent appears. *Langlois* v. *Dunn Worsted Mills,* 25 R. I. 645, 649.

Turning to the statutes above cited and from which we have quoted at some length for clearness, we find the legislature declaring, in separate chapters with distinct titles which fairly give notice of the subject-matter of those chapters, when a will is valid under the laws of this state; where a will may be deposited for safekeeping; and what probate court shall have jurisdiction of the will upon the death of the testator. In construing these statutes, we must assume that the legislature was thoroughly conversant with its own legislation, and that it intended to deal in each chapter with the subject-matter fairly described in its title.

It is significant that the legislature clearly expressed its intention in relation to a will executed without this state in § 35 of chap. 566. In the instant case the will was not executed either in accordance with the law of the testator's residence or domicile, which happened to be Massachusetts, and therefore would not come within the provisions of this section.

Chapter 569 deals with the "General Jurisdiction of Probate Courts." Under this statute, the will of a resident of this state is probated in the city or town in which the testator resided at the time of his death. Section 1 significantly provides that jurisdiction assumed in any case by the court "so far as it depends on the place of residence of a person" shall be contested only in the manner there described. By this provision the legislature apparently intended to avoid litigation as to the jurisdiction of a particular probate court

respecting the will of a person who resided at different places in this state from time to time.

Chapter 572, in general, concerns itself with the custody and probate of wills, and not with the power to make a will or the manner in which a will shall be executed. Section 1 permits a testator to deposit his will for safekeeping with the probate clerk of the city or town "where the testator lives." *Residence* of the testator in a city or town of this state determines where this privilege may be exercised.

The appellee strongly contends that § 8 of this chapter, which provides that the will, *"duly executed,* of any person who resides without the state at the time of his decease" may be proved before the probate court of any town where any of the testator's property is situated, means that a will executed according to our laws is a valid will in Rhode Island, although invalid under the laws of the testator's domicile or of the place where the will is executed, provided the testator has any property in this state upon which such will may operate. (italics ours) In substance, the appellee argues that, in addition to whatever change may have been effected by § 35, chap. 566, the common law in relation to wills was further changed by § 8 of chap. 572, now under consideration. She urges that after the words "duly executed" in that section, we should read into the statute the words "according to the laws of Rhode Island", or "according to the laws of this state."

Unless by express language or necessary implication the legislature manifests a different intention, our statutes in relation to wills are to be understood as prescribing a mode for the execution and probating of wills of persons domiciled in this state. If our legislature intended to give § 8, chap. 572, the meaning for which the appellee contends, it could have said so in ordinary and plain language. We have found nothing in the statute that supports the appellee's contention.

The decisions from other jurisdictions cited to us by the appellee in support of her contention are not pertinent to the question before us. Some are based upon statutes greatly different from the one here involved. *Matter of Rubens,* 128 App. Div. 626, (N. Y.); *Higgins* v. *Eaton,* 202 Fed. 75; *Matter of Connell,* 221 N. Y. 190. Others simply decide that courts of probate have jurisdiction to grant original probate of a foreign will operative upon property in the state, without the will first being probated at the domicile of the testator. *In re Holden's Estate,* 110 Vt. 60; 1 A 2d. 721; *In re Chadwick's Will,* 80 N. J. Eq. 168; *Chadwick* v. *Stilphen,* 105 Me. 242. In this latter group of cases, the question of the validity of the will in the domiciliary state was not involved.

The appellee relies strongly upon the decision in *Matter of Rubens, supra.* The statute before the court in that case was § 23 of the Decedent Estate Law of New York, which provides that: "A will of real or personal property, executed as prescribed by the laws of the state, or a will of real or personal property executed without the state in the mode prescribed by the law, either of the place where executed or of the testator's domicile, provided such will is in writing and subscribed by the testator, may be admitted to probate in this state." The difference between this statute and the one under consideration in the instant case is obvious. In deciding the *Rubens* case as it did, the New York court gave full force and effect to a clear mandate of its legislature. It did not resort to the addition of words that the appellee here would have us do.

If any ambiguity exists in § 8 of chap. 572, it should be considered with the view of giving to our statutes concerning the execution and probating of wills their proper relation to and effect upon each other as integral parts of a system prescribed by the legislature for such matters. It sometimes happens that a testator, with a domicile in Rhode

Island, but actually living outside this state, dies, leaving property in one or more of our cities or towns upon which his will may operate, but no such property in the city or town of domicile. In this situation doubt might well arise as to the particular probate court which would have jurisdiction. We believe that the legislature resolved this difficulty by enacting § 8, chap. 572.

In our judgment, § 8 deals with the matter of jurisdiction in the probating of a will, and not with the validity or invalidity of the will itself. We construe this section to mean that the will, "duly executed", of a testator in the position above described may be probated in the probate court of a city or town where any estate is situated upon which the will may operate. In these circumstances, the legislature has made the *situs* of the property which is subject to the will, rather than the residence of the testator, the basis for jurisdiction by a probate court in probating the will. There was error in admitting to probate the will in the instant case.

The appellants' exception to the decision of the trial justice is sustained, and the case is remitted to the superior court for further proceedings.

*John J. Mee,* for appellants.

*John R. Higgins,* for appellee.