224 A.2d 612.

J. Brendan Wynne, D. O. *vs.*
The Pawtuxet Valley Dyeing Company, Inc.

Eugene Cozza, D. O. *vs.*
The Pawtuxet Valley Dyeing Company, Inc.

DECEMBER 5, 1966.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Kelleher, J. These are two petitions for the payment of medical services rendered by both petitioners to an employee of the respondent. They were consolidated for a hearing before the trial commissioner and thereafter a decree was entered in each cause granting the relief prayed for. The respondent thereupon appealed to the full commission where a decree was entered in each cause which

reversed the decree of the trial commissioner on the ground that he had no jurisdiction to entertain the petition. The causes have been consolidated here and are before us on the appeals of the respective petitioners.

Both petitioners are osteopathic physicians duly licensed to practice in the state of Rhode Island. They seek payment for professional services rendered Raymond Redfearn who was injured while working as an employee of respondent.

Redfearn testified at the hearing held before the trial commissioner. On Thursday, August 27, 1964, he was employed by respondent as a "scale operator." On that day while lifting a roll of material he lost his balance, fell against a scale, and injured his back. Although in pain, he finished his shift on Thursday and worked the next day. After work on Friday, August 28, 1964, he consulted with Dr. Eugene A. Cozza. Redfearn did not return to work but remained at home where he received daily treatments from Dr. Cozza. On September 5, 1964, he was admitted to the hospital and came under the care of Dr. J. Brendan Wynne. Redfearn up to this time had told both physicians that he did not want to make a compensation claim as he thought his disability was minor. X rays taken at the hospital, however, disclosed the presence of a possible ruptured disc, and on September 14 Dr. Wynne with Dr. Cozza assisting performed a lumbar laminectomy on Redfearn. The employee was discharged from the hospital on September 21, 1964. He continued his treatment with petitioners, experienced an excellent recovery and returned to work on November 16, 1964.

Two days after his return to work, Redfearn and an adjuster for respondent's insurance carrier executed a nonprejudicial agreement whereby the employee received compensation payments of $40 a week for each of the eleven weeks he was absent from work.

Neither petitioner had any communication with the respondent or its insurance carrier prior to the surgery of

September 14, 1964. Any contact they had occurred after Redfearn's operation. For Dr. Cozza's part, it consisted periodically of sending to respondent's insurance carrier his bill for services rendered Redfearn. Doctor Wynne not only forwarded his bill to the carrier but he also furnished certain medical reports it requested.

Their bills not being honored, petitioners have commenced the present proceedings. In the hearing before the trial commissioner respondent not only contended that the workmen's compensation commission had no jurisdiction to hear these petitions but it also claimed that the bills did not qualify for payment under the workmen's compensation act because petitioners failed to comply with various provisions of the act, one of which calls for respondent's permission for major surgery while still another requires not only the furnishing of notice to it by the physicians of their employment but also periodic reports as to the employee's condition.

The sole issue before us, however, is whether the workmen's compensation commission had jurisdiction to hear these petitions where in each cause payment is sought by a physician from an employer under the provisions of the workmen's compensation act for services rendered to its employee.

We answer the question posed by this issue in the negative.

Any right these petitioners might have to pursue their petitions must be found within the terms of the workmen's compensation act. We have examined the act and can find no provision which confers upon the commission the power to hear these petitions.

In 1927 this court in *Henry* v. *American Enamel Co.*, 48 R. I. 113, stated that under the provisions of the workmen's compensation act of that era a physician could bring a petition under the pertinent compensation statute directly

against an employer for payment of services rendered an injured employee. There we stated that a provision contained in G. L. 1923, chap. 92, art. II, sec. 5 (1216), the material portion of which stated that "The employee shall have the right to select the physician by whom * * * he desires to be treated, but the employer shall become liable to such physician * * * for the reasonable fees for such treatment" created a new right in favor of a physician against the employer. We also pointed out that prior to the enactment of this provision no one other than an employee, or a person who had paid the expenses of an employee's last sickness and burial, could proceed directly against the employer.

By definition in the original compensation act of 1912 the term "employee" included the employee, his representatives, dependents, conservators or guardian. It did not then nor does it now include the term physician. It was only because of the presence of the language found in sec. 5 of art. II, chap. 92, G. L. 1923, that we recognized the right of the physician to proceed under the compensation act directly against the employer independently of any proceedings instituted by the employee. This language, however, was not in the original compensation act.

The provision which created this right for a physician remained in our workmen's compensation act during the several amendments which have been made to it through the years following 1923 until the year 1954. In that year the general assembly enacted chap. 3297 which revised the workmen's compensation act in its entirety and also established the workmen's compensation commission, transferring to it the jurisdiction to hear those matters previously heard by the superior court.

An examination of the act shows that the statutory provision which in *Henry* was construed to give the physician the right to proceed under the compensation statute was

not retained in the 1954 revision. Section 5 of G. L. 1923, chap. 92, art. II, was embodied in sec. 5 (b) of P. L. 1954, chap. 3297, art. II. As we have stated, the pertinent language found in sec. 5 in 1923 was missing from the 1954 statute and it cannot be found in the statute under consideration in these causes, to wit, G. L. 1956, §28-33-8, as amended. We deem this omission to be significant. The absence of the language quoted in *Henry* effectively negates any ruling in that case which stood for the proposition that a physician could bring his own petition under our workmen's compensation act independent of any action by the employee.

It is interesting to note that the definition of "employee" as found in §28-29-2 (b) of our present act is substantially the same as it was in 1912. Section 28-30-13 of the compensation act states that any controversy over which the commission has jurisdiction including compensation and reasonableness of medical and hospital bills shall be submitted to the commission in the manner provided in chap. 35 of title 28.

In *Carr* v. *General Insulated Wire Works, Inc.*, 97 R. I. 487, 199 A.2d 24, we held that the provisions set forth in this chapter are mandatory. There we held that pursuant to the provisions of §28-35-27 the trial commissioner had no jurisdiction to reopen a case once he had made a decision within the ten-day period set forth in the statute.

An analysis of chap. 35 of title 28 fails to uncover any provision which would give the right to a physician to petition the workmen's compensation commission for payment of his bills. Section 28-35-7 states that an agreement approved by the director of labor shall be enforced by suitable action or proceedings being brought before the workmen's compensation commission by either party to the agreement. If petitioners' applications for payment are based upon the nonprejudicial agreement, this section offers

them no assistance as they are not parties to the agreement. Section 28-35-12, as amended, provides that if no agreement relative to compensation is reached, either the employer or the employee may file a petition with the workmen's compensation commission. There is a further provision in this section which states that in case of the death of the employee from his injury, his duly authorized representative, his dependents, or if there is any dispute among them any person in interest may be a proper party to the proceedings. Nowhere in this chapter or in the workmen's compensation act is there any authority which would permit a physician to file a petition such as was done in the causes before us.

In *Landry* v. *Cornell Construction Co.*, 87 R. I. 4, the workmen's compensation commission was described as a creature of statute and accordingly derives whatever power it possesses from the enactments of the legislature. Mindful as we are that the provisions of the workmen's compensation act are to be given a liberal construction, any authority to be given to a physician to proceed under the act against an employer for payment for services rendered an injured employee must come by legislative mandate. Since the general assembly has been silent in this area, we cannot, by judicial interpretation, fill the void.

It is undisputed that the employee, Mr. Redfearn, has not seen fit to file any petition with the commission for the payment of the services performed in his behalf by the petitioners. This being so, the petitioners are free to use whatever remedies they may have to be paid for the professional services they have so skillfully rendered.

In each cause the petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and each cause

is remanded to the workmen's compensation commission for further proceedings.

*Carroll, Kelly & Murphy, Joseph A. Kelly,* for petitioners.

*Francis V. Reynolds, Bernard W. Boyer,* for respondent.