228 A.2d 539.

LUCIEN ANDRE CHARTIER *vs.* NORTH CENTRAL AIRWAYS, INC.

APRIL 10, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This is an employee's original petition for benefits under the workmen's compensation act on the ground that he was injured in the course of his employment with the respondent. After hearing the trial commissioner entered a decree denying compensation on the ground that he was not an employee of the respondent on the day of the accident. That decree denying and dismissing the petition was affirmed by the decree of the full commission, and the petitioner pursued his appeal to this court.

Prior to May 1962, petitioner, a commercial pilot and flight instructor, was employed by respondent. He then left respondent's employ and commenced working for Executive Flight Service, Inc. Between May 1962 and October 31, 1962, the date of the accident, respondent occasionally hired petitioner to fly its airplanes. On such occasions Executive was compensated by respondent for petitioner's services by crediting Executive's account with respondent.

For some time prior to the accident petitioner had been giving flying instructions to one Larry L. Goldstein. On the morning of the accident Goldstein sought to go to New Haven, Connecticut, for business reasons. He preferred to fly in order to gain "flying time" for his pilot's license. Due to weather conditions the single-engine airplane available at Executive was not qualified to make the trip.

The respondent had at its disposal a twin-engine airplane owned by one of its customers which was chartered in the course of its business. The fees arising therefrom were divided with the owner. This aircraft was chartered to fly to Canada the day after the accident. Because one of its radios was in need of repair, an officer of respondent stated that if petitioner would fly the craft to Bridgeport to repair the radio, the airplane could stop at New Haven to accommodate Goldstein. To this all parties agreed. The record shows there were no arrangements made whereby respondent would pay petitioner or credit Executive's account for petitioner's services.

Due to weather conditions the craft did not stop at New Haven but continued to Bridgeport where the radio was repaired. On the return trip the airplane crashed in Rhode Island, killing Goldstein and injuring petitioner.

The petitioner then brought an original petition for compensation against Executive Flight Service, Inc. (W.C.C. No. 64-1591), which was denied and dismissed on the

ground that Executive was not subject to the workmen's compensation act because it did not employ the minimum number of employees. G. L. 1956, §28-29-5. No appeal was taken from that decision. He then brought the instant petition against respondent.

The petitioner contends that the evidence affords a basis for finding that he was employed by respondent at the time of the accident. However, in reaching the opposite conclusion, the decision of the full commission states:

> " * * * There is no evidence that he [petitioner] was to have been paid anything by the respondent for taking the plane down to Bridgeport that morning nor was there any evidence indicating that there had been any arrangement made whereby the respondent would credit petitioner's employer for the use of his services.

> " * * * Also the fact that on two earlier occasions there might have been an employer-employee relationship, no evidence as to the present flight would indicate such. In fact the circumstances of this particular flight were vastly dissimilar to the previous flights. It was not a charter flight, but rather an accommodation flight."

Both the trial commissioner and the full commission examined the evidence relative to the employment status of petitioner. As in *Di Orio* v. *R. L. Platter, Inc.*, 100 R. I. 117, at 122, 211 A.2d 642 at 645, "* * * the commission was faced squarely with a mixed question of fact and of law in determining whether an employer-employee relationship existed between the parties." As this court stated in *Blanchette* v. *Lucia Trucking, Inc.*, 99 R. I. 532, at 534, 209 A.2d 56 at 57:

> "The burden of proving the fact that petitioner was an employee of respondent at the time of his injury was upon petitioner. * * * If there is any legal evidence to support the commission's decree, this court has no power under the act to weigh the evidence and to determine for ourselves where the preponderance lies."

Because there is legal evidence to support the finding of the commission, in the absence of fraud this court is bound by such finding. *Beany* v. *Paul Arpin Van Lines Co.*, 98 R. I. 193, 200 A.2d 592. The petitioner's contention that he was an employee of respondent is without merit.

The petitioner next argues that he is entitled to compensation under the provisions of §28-29-2, as amended, which read in part:

"(d) 1. A general employer shall mean a person who for consideration and as the regular course of its business supplies an employee with or without vehicle to another person.

"2. A special employer shall mean a person who contracts for services with a general employer for the use of an employee, a vehicle or both.

"3. Whenever there be a general employer and special employer wherein said general employer supplies to the special employer an employee and the general employer pays or is obligated to pay the wages or salaries of such supplied employee, then and in that event notwithstanding the fact that direction and control shall be in the special employer and not the general employer, said general employer, if it be subject to the provisions of the workmen's compensation act or has accepted the same, shall be deemed to be the employer as set forth in paragraph (a) of this section."

This section is clear and explicit. It provides that when the general employer is subject to the provisions of the workmen's compensation act, it shall be deemed to be the employer notwithstanding the fact that the special employer has direction and control over the employee. In this case, assuming arguendo Executive is a general employer, it was nevertheless not covered by the act.

To counter this, petitioner argues that if the general employer is not subject to the act it should be so construed to render the special employer liable for a compensation award. The fallacy in this argument is twofold. Primarily, respondent is not a special employer because, as indicated

above, it is not a " * * * person who contracts for services with a general employer for the use of an employee * * *." G. L. 1956, §28-29-2(d)2. Secondly, to construe the statute as petitioner contends does violence to the plain mandate of the statute. Although the workmen's compensation act is to be construed liberally, when its mandate is clear and unambiguous, there is no room for judicial construction. *Larochelle* v. *Hickory House, Inc.*, 80 R. I. 334.

In the circumstances, the petitioner's contention that he is entitled to compensation from the respondent under the provision of §28-29-2(d)2 is likewise without merit.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Thomas J. Kane*, for petitioner.

*Bernard F. McSally, Eugene J. Sullivan*, for respondent.