273 A.2d 670.

WILLIAM WAITE *vs.* BOARD OF REVIEW OF THE
DEPARTMENT OF EMPLOYMENT SECURITY.

FEBRUARY 12, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. The petitioner's claim for benefits from the temporary disability insurance fund was denied administratively within the Department of Employment Security and judicially by a justice of the Superior Court sitting without a jury. The petitioner's attorney then requested that he be paid a fee for services rendered in these proceedings, and the court, acting favorably on that request, ordered the director of the Department of Employment Security to pay him a fee of $100. Thereupon, the director, claiming that the trial justice had exceeded his jurisdiction, moved for leave to file a petition for a writ of certiorari. We granted the motion, and the writ issued. *Waite* v. *Board of Review,* 106 R. I. 837, 261 A.2d 656.

The request for counsel fees was grounded on G. L. 1956

(1968 Reenactment) §28-41-31.[1] That section permits any individual claiming benefits under the Rhode Island Temporary Disability Insurance Act to be represented by an attorney, and, excepting as may otherwise be permitted by the Superior Court, limits the fee which that attorney may charge the claimant to such sum not in excess of ten per cent of the maximum benefits at issue as may be fixed by the director of the Department of Employment Security. That provision differs markedly from §28-44-57 of the Employment Security Act. While it contains a provision similar to §28-41-31, it also has a further provision which requires the director in certain specified instances to pay counsel fees to a claimant's attorney out of the employment security administrative funds. One of those instances permits the award of a counsel fee where the appeal to the Superior Court is from a decision of an administrative board of review which was not unanimous. While the administrative decision appealed from in this case was not unanimous, petitioner points to no provision either in the Temporary Disability Insurance Act or elsewhere which is comparable to §28-44-57 or which otherwise authorizes the director to use funds within his control for the payment of counsel fees to the attorney of an individual seeking temporary disability insurance benefits. That absence is fatal for without specific statutory authority, or contractual liability therefor, attorney's fees may not be taxed as part of the costs of litigation or otherwise.

---

[1]In pertinent part §28-41-31 reads:

"Any individual claiming benefits in any proceeding or court action may be represented by counsel or other duly authorized agent; the director shall have the authority to fix the fees of such counsel or other duly authorized agent but no such counsel or agents shall together be allowed to charge or receive for such services more than ten per cent (10%) of the maximum benefits at issue in such proceeding or court action except as specifically allowed by the superior court."

*Washington Trust Co.* v. *Fatone,* 106 R. I. 168, 177, 256 A.2d 490, 493.

The petition for certiorari is granted, the judgment of the Superior Court is quashed, and the records in the case are ordered returned to the Superior Court with our decision endorsed thereon.

*Joseph F. Rodgers, Jr.,* for respondent.

*Charles H. McLaughlin,* for Mary C. Hackett, Director of Department of Employment Security;

*Vincent P. Colavecchio,* Chief Legal Officer, Department of Employment Security, for petitioner.