388 A.2d 352.

ORTHOPEDIC SPECIALISTS, INC. *v.* THE GREAT ATLANTIC & PACIFIC TEA CO., INC.

JUNE 30, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher and Doris, JJ.

BEVILACQUA, C.J.   This is an appeal by the plaintiff, a professional medical corporation named Orthopedic Specialists, Inc., from a decree of the full Workmen's Compensation

Commission denying the plaintiff's claim under the Workmen's Compensation Act, G.L. 1956 (1968 Reenactment) §28-35-32 for counsel and witness fees incurred by the plaintiff in successfully prosecuting its petition under §28-33-8 of the Act for payment for reasonable medical services rendered to an injured employee of the defendant employer, The Great Atlantic & Pacific Tea Co., Inc.

On April 30, 1969, Sharon A. Lewis, an employee of defendant, sustained various disabling back and leg injuries when, in the course of her employment, she slipped on a strawberry and fell to the floor. Subsequently an agreement was entered between Lewis and defendant, through its insurer, by which the latter agreed to pay compensation to the former for her injuries and to provide for all reasonable hospital and medical bills.

On March 25, 1975, Dr. Manoel Falcao, assisted by Dr. Louis Fuchs, an employee of plaintiff, performed a spinal fusion on Lewis that was necessary to relieve adverse effects of the work-related injury. In accordance with the agreement between Lewis and defendant, plaintiff submitted a bill to defendant's insurer in the amount of $200 for services rendered during the operation by Dr. Fuchs. The defendant's insurer refused to pay the full amount of the bill, offering instead $187.50 as its estimate of a fair and reasonable fee under the circumstances. Thus this proceeding arose out of a dispute over $12.50 worth of medical services.

The plaintiff rejected defendant's offer and, pursuant to §28-33-8, petitioned the Workmen's Compensation Commission to request defendant to pay plaintiff $200 for said medical services. A hearing was held before a trial commissioner, during which Dr. Edward Spindell and Dr. Fuchs, both employees of plaintiff, testified on behalf of plaintiff to substantiate its claim. The trial commissioner found that $200 was a fair and reasonable medical fee and ordered defendant to pay plaintiff that amount *plus* attorney's fees. Both parties appealed from this decision to the full commission. The

plaintiff contended that the trial commissioner erred in refusing to award witness fees to compensate the two expert witnesses called by plaintiff during the hearing. The defendant disputed the trial commissioner's award of attorney's fees, claiming that §28-35-32 provides for the award of such fees only to injured employees who successfully prosecute petitions for workmen's compensation or defend against employers' petitions for review of awards, not to parties such as plaintiff who may utilize §28-33-8 to secure payment for medical services rendered to injured employees. There was not then before the full commission and there is not now before this court any dispute as to the fairness and reasonableness of the medical fee.

On August 20, 1976, the full commission affirmed so much of the order of the trial commissioner as awarded plaintiff $200 for medical services and refused to award plaintiff expert witness fees, but reversed the trial commissioner's award of counsel fees, holding that §28-35-32 did not authorize the award of counsel or witness fees to any person other than an employee. The matter is before us on appeal by plaintiff from the decree of the full commission. We are asked to resolve the issue of whether a physician, dentist, or hospital authorized by §28-33-8 to petition the Workmen's Compensation Commission in order to recover reasonable medical fees from an employer for medical services rendered to an injured employee of that employer, is entitled under §28-35-32 to counsel and witness fees upon successful prosecution of such petition.

The plaintiff argues that a claimant petitioning under §28-33-8 must be allowed to recover counsel and witness fees as a matter of express right under the language of §28-33-8 as read in conjunction with chapter 35 of title 28 and specifically §28-35-32. The plaintiff also submits that such a result is necessary in order to fulfill the policies and purposes of the Act. We have examined the Act carefully but can find no express justification for plaintiff's argument. We also

reject the notion that we can interpolate into the Act by statutory construction a provision which the Legislature has not expressly included where the Act is unambiguous or the result is not necessary to achieve the purposes of the Act.

I

Section 28-35-32 expressly authorizes the award of counsel and witness fees only to injured employees who proceed under the Act:

> "[C]osts shall be awarded, including counsel fees and fees for medical and other expert witnesses * * * *to employees* who successfully prosecute petitions for compensation, petitions for medical expenses, petitions to amend preliminary agreements and *all other employee petitions,* except petitions for lump sum commutation, and to employees who successfully defend, in whole or in part, petitions for review filed by employers." (Emphasis added.)

In construing this language we are guided by the maxim *expressio unius est exclusio alterius, i.e.,* the mention of one is exclusion of another. This rule of construction states that where a statute creates rights that do not exist at common law, such as in workmen's compensation, *Nardolillo* v. *Big G Supermarket, Inc.,* 111 R.I. 751, 306 A.2d 844 (1973); *Podborski* v. *William H. Haskell Manufacturing Co.,* 109 R.I. 1, 279 A.2d 914 (1971), the express statutory language which prescribes the names of the parties granted the right is exclusive. 2A Sands, *Statutes and Statutory Construction* §47.23 (4th ed. 1973). Under this rule, the right to counsel and witness fees created by §28-35-32 is limited to employees because it is a statutory right, *Whipple* v. *Wales,* 47 R.I. 487, 134 A. 22 (1926), and they are the only party to whom that statute expressly extends the right. This result is also mandated by the widely accepted rule that although the provisions of the Workmen's Compensation Act are to be construed liberally to effectuate its remedial purpose, nevertheless we may not distort the plain meaning of those provisions.

*Masi* v. *A. Gasbarro & Sons, Inc.*, 103 R.I. 136, 235 A.2d 341 (1967);*Chartier* v. *North Central Airways, Inc.*, 102 R.I. 81, 228 A.2d 539 (1967).

The plaintiff, however, urges us to consult §28-33-8 in construing the scope of the express right to fees created by §28-35-32. Even if we had not ruled as above that §28-35-32 expressly limits the right to fees to employees and that we may not alter the plain meaning of such a provision, we would reject plaintiff's construction of §28-33-8 and the purported effect that construction would have on §28-35-32.

Section 28-33-8 states in part that "[s]ubsequent to the filing of the petition the *procedure* of the claim by a physician, dentist or hospital as provided herein, shall be in accordance with those applicable provisions as in the case of a petitioner [sic] filed by an injured employee." (Emphasis added.) The plaintiff argues that since this provision establishes the same *procedure* for petitions by physicians, dentists, or hospitals under §28-33-8 as for employees' petitions under other provisions in the Act, then §28-33-8 expressly incorporates and applies all of chapter 35 of title 28, including §28-35-32, to a doctor's or hospital's petition because chapter 35 is entitled "Workmen's Compensation — Procedure." The plaintiff contends that all the provisions of §28-35-32 must be denominated as "procedure" because that section is part of chapter 35, and that therefore the right to fees under §28-35-32 is part of the procedural right afforded to petitioners such as plaintiff under §28-33-8. We reject this rather tortured argument both on the grounds stated above concerning the express limitation of §28-35-32 and because where language in a statute is unambiguous, such as the term "procedure" as used in §28-33-8, we may not vary its meaning by referring to the title of another chapter in the Act. Additionally, the right to fees is not procedural in nature and is not rendered procedural simply because §28-35-32 falls within that chapter of the Act entitled "Procedure."

As a general proposition of statutory construction, titles do

not control the meaning of statutes. 2A Sands, *Statutes and Statutory Construction* §47.03 (4th ed. 1973). This rule is subject to the judicial gloss that where there is doubt as to the meaning of a provision in a statute, the title of the statute may be consulted as a guide. *Pickering* v. *Pickering,* 64 R.I. 112, 10 A.2d 721 (1940). Further, the title of an act or subpart thereof may be considered to aid construction, *Armour & Co.* v. *New York, N.H. & H.R.R.,* 41 R.I. 361, 103 A. 1031 (1918), but cannot control or vary the meaning of a statute where that statute is unambiguous. *Blais* v. *Franklin,* 31 R.I. 95, 77 A. 172 (1910).

The plaintiff does not claim, nor do we find, that §28-33-8 is ambiguous. The plaintiff does claim, however, that the word "procedure" as used in §28-33-8 to insure that the petitions of both employee and nonemployee are processed in the same way, must be defined so as to include any and all provisions of chapter 35 because that chapter is entitled "Workmen's Compensation — Procedure." We cannot so enlarge the scope of the term "procedure" by reference first to the title of chapter 35 and then to all sections of that chapter, because to do so would vary the meaning of the unambiguous term "procedure" as used in §28-33-8.

Even assuming that we could refer to the title of chapter 35 in explicating §28-33-8, such reference would only serve to lead us to another use of the word "procedure" and necessitate the definition of that word. The term "procedure" is defined by *Black's Law Dictionary* 1367-68 (rev. 4th ed. 1968) as "[t]he mode of proceeding by which a legal right is enforced, as distinguished from the law which gives or defines the right * * *." Thus "procedure" as indicated in §28-33-8 and chapter 35 refers to the *mode* by which rights are enforced, not to the giving or defining of those rights.

Provisions in chapter 35 which give or define rights, such as that portion of §28-35-32 that gives employees the right to recover counsel and witness fees, are not procedural simply because they fall within a chapter that is designated as

procedural. While it is true that those provisions in §28-35-32 which describe the mode by which fees are to be assessed are procedural, it is equally true that the provision in §28-35-32 which gives employees the right to recover certain costs is not procedural under the aforementioned definition of procedure.

If plaintiff can show that he is entitled to counsel and witness fees elsewhere in the Act, then §28-33-8 would insure that in enforcing that right the mode detailed in §28-35-32 must be followed. But §28-33-8 does not create a substantive right to costs. It simply assures uniformity of procedures in the enforcement of the rights which are given or defined in other provisions of the Act.

## II

This brings us to plaintiff's second argument, which is that even if the Act does not provide an express right for physicians, dentists, or hospitals to recover counsel and witness fees, such a right must be implied in order to achieve the purposes of the Act.

The principal objective of the Workmen's Compensation Act is to provide economic assistance to employees who sustain work-related injuries within the scope of their employment and to impose on the employer liability for this assistance. *Nardolillo* v. *Big G Supermarket, Inc.*, 111 R.I. 751, 306 A.2d 844; *Church* v. *Doherty*, 107 R.I. 432, 267 A.2d 693 (1970). The plaintiff argues that this purpose of insuring the treatment and rehabilitation of injured employees can only be realized if physicians are encouraged to provide medical services to such employees. By extending to physicians, dentists, and hospitals the right to petition under §28-33-8, plaintiff submits that the Legislature obviously intended to encourage treatment of injured employees by providing doctors and hospitals with a less costly forum in which to collect bills for such treatment. The plaintiff stresses that despite this legislative intent, treatment will

ultimately be discouraged to the detriment of injured employees if the costs of using the Workmen's Compensation Commission as a forum are not minimized by entitling doctors to recover from employers counsel and witness fees encountered in successfully pursuing their §28-33-8 petitions.

Additionally, plaintiff urges that by affording physicians and hospitals a statutory procedure for securing payment for services, the Legislature intended to streamline the collection process by obviating the necessity for a circuity of actions — under §28-33-8, the doctor can seek payment directly from the employer, rather than first seeking payment outside the Act from the employee, who in turn would then have to proceed under the Act for reimbursement from the employer. Thus plaintiff suggests that both substantive and procedural purposes of the Act will be frustrated if physicians and hospitals who are successful under §28-33-8 cannot recover counsel and witness fees under §28-35-32.

The plaintiff contends that these arguments are particularly valid in light of the facts in this case. As we have indicated, defendant's insurer refused to pay the bill submitted by plaintiff apparently because it felt that the charge was excessive by $12.50. The plaintiff then resorted to §28-33-8 to recover the $200 and was successful. But in the process, plaintiff accumulated well over $200 in counsel and witness fees. It does not require much figuring to conclude that plaintiff would have been better off financially by swallowing a loss on the entire bill. The plaintiff suggests that such a result is not harmonious with the aforementioned purposes of the Act and renders hollow any rights created for doctors and hospitals by §28-33-8.[1]

---

[1] Of course, as the defendant points out, the plaintiff could have accepted the proffered $187.50 as satisfaction for its claim or asked the employee, Lewis, to petition the defendant for reimbursement under the Act, in which case the employee, if successful, could have recovered counsel and witness fees under §28-35-32. If Lewis refused and failed to pay the plaintiff for its services, then the plaintiff could have initiated an action against Lewis based on their contract for medical services.

In light of the purposes of the Act the Legislature might wish to consider cases such as this and the apparently anomalous results that may befall physicians and hospitals in the exercise of their §28-33-8 rights. However, even if we accept plaintiff's proposition that the purposes of the Act would be better served by allowing physicians and hospitals to recover counsel and witness fees, nevertheless for the reasons set out below we cannot superimpose our view on the Act when its mandate is unambiguous.

As we have noted, all rights arising under the Act are statutory. The right of physicians to proceed under the Act was originally created by G.L. 1923, ch. 92, art. II, §5 and recognized in *Henry* v. *American Enamel Co.*, 48 R.I. 113, 136 A. 3 (1927). However, in 1954 the Legislature revised the Act and failed to retain this provision. *Compare* P.L. 1954, ch. 3297, art. II, §5(b) *with* G.L. 1923, ch. 92, art. II, §5. In *Wynne* v. *Pawtuxet Valley Dyeing Co.*, 101 R.I. 455, 224 A.2d 612 (1966), we held that this legislative excision negated the result reached in *Henry* and stripped physicians of their statutorily created right to bring a petition before the Workmen's Compensation Commission. Thus with respect to the rights of physicians under the Act we subscribe to the *Wynne* rule that where the Legislature is silent, we cannot break their silence and fill any perceived statutory voids by judicial interpretation or implication.

In 1969 the Legislature amended §28-33-8 to allow a physician, dentist, or hospital once again to proceed before the Workmen's Compensation Commission.[2] But the Legislature did not amend §28-35-32, which as we have held expressly allows for the award of counsel and witness fees only to employees, so as to create a coequal right for a doctor or hospital petitioning under §28-33-8. As plaintiff concedes and as we have noted, the right to recover costs such as counsel and witness fees does not exist at common law, and without specific statutory authority or contracted liability such

---

[2]P.L. 1969, ch. 111, §1.

fees may not be taxed. *Waite* v. *Board of Review of the Department of Employment Security*, 108 R.I. 177, 273 A.2d 670 (1971). This principle that a prevailing party has no common law right to an award of costs has been applied to workmen's compensation cases. *Egan* v. *Walsh-Kaiser Co.*, 73 R.I. 399, 56 A.2d 854 (1948).

In construing the Act we cannot imply what the Legislature did not express absent compelling reasons to do so, such as a textual ambiguity in a statute. *See Woods* v. *Safeway System, Inc.*, 102 R.I. 493, 232 A.2d 121 (1967). Because the pertinent statutes are neither equivocal nor ambiguous, there is no room for implication by judicial construction in this controversy, and we may not consider whether the disputed provisions are consistent with our conception of justice, expediency, or sound public policy. *Id.*

The plaintiff's appeal is denied and dismissed, and the decree appealed from is affirmed.

Mr. Justice Weisberger did not participate.

*Abedon, Stanzler, Biener, Skolnik & Lipsey, Richard A. Skolnik, Lynette Labinger,* for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Robert W. Lovegreen,* for defendant.