Stephen P. SCULLY

v.

Vito MATARESE, Jr. and Robert
E. Ricci.

No. 78–103–Appeal.

Supreme Court of Rhode Island.

Nov. 14, 1980.

Aram K. Berberian, Warwick, for plaintiff.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal by the plaintiff, Stephen P. Scully, from a default judgment entered in his favor against the defendants, Vito Matarese, Jr., and Robert E. Ricci, by the Superior Court for the Counties of Providence and Bristol. The facts as described in the plaintiff's concise brief are as follows:

The plaintiff's motor vehicle was towed away by defendant Matarese at the direction of defendant Ricci, who was at that time the Chief of Police of the City of Providence,[1] because plaintiff had not paid certain fines for violation of parking ordinances in the city of Providence. The plaintiff retrieved his automobile by paying the sum of $103 for overdue parking fines to the Providence police department and $16 to defendant Matarese as charges for the towing of his motor vehicle. The plaintiff brought action against both defendants in a complaint which plaintiff's counsel now styles as an action for conversion. The complaint, however, was rather vague as to the relief sought. Neither defendant had answered the case or asserted any defense to the action. At the hearing on proof of claim, plaintiff's attorney in his cryptic comments to the court was less than explic-

1. Colonel Robert E. Ricci died on January 16, 1978. Consequently, the viability of the instant case may well be in doubt, since no suggestion of death has been filed on the record and there has been no substitution of any representative of the decedent's estate.

it in expounding upon the theory behind his action.

In any event, the trial justice awarded to plaintiff the $16 which he had paid to defendant Matarese and the $103 that he had paid to the Providence police department, the awards being made in separate judgments against defendant Matarese and defendant Ricci respectively. The court declined to award punitive damages or counsel fees in the amount of $200 which plaintiff had paid to his attorney.

In his brief plaintiff argues, in approximately one and one half pages, that he was entitled to one judgment against both defendants and that he is entitled to punitive damages. It is impossible to determine from plaintiff's brief whether he is claiming counsel fees or not.[2] For purposes of this opinion, we shall assume arguendo that plaintiff is claiming counsel fees.

 As to the issue of entitlement to a joint judgment, we believe that the complaint did not sound sufficiently in conversion so as to charge defendants explicitly as joint tortfeasors. The trial justice construed the complaint as seeking recompense for monies allegedly improperly demanded by defendants in different amounts and for different reasons. This was a reasonable construction, particularly in light of the fact that plaintiff failed to point out to the trial justice with any degree of specificity that tort damages were being sought.[3] When an issue is not explicitly raised in the trial court with sufficient clarity so that the trial justice may appropriately respond to the claims of a party, we shall not consider the alleged error on appeal. *Hawkins v. Smith*, 105 R.I. 669, 254 A.2d 747 (1969); *Spouting Rock Beach Association v. Garcia*, 104 R.I. 451, 244 A.2d 871 (1968); *see Enos v. W. T. Grant Co.*, 110 R.I. 523, 294 A.2d 201 (1972); *also see Hoffman v. Sachs*, R.I., 403 A.2d 668 (1979); *Majewski v. Porter*, R.I., 403 A.2d 248 (1979).

In respect to the claim for punitive damages, even in actions in which punitive damages or exemplary damages may appropriately be awarded, such award is discretionary with the finder of fact. *Petrone v. Davis*, 118 R.I. 261, 373 A.2d 485 (1977); *Kenyon v. Cameron*, 17 R.I. 122, 20 A. 233 (1890). Nothing in this record would indicate that the trial justice abused his discretion in declining to award punitive damages, even if it was apparent (and this is far from clear) that this complaint sounded in conversion.

The plaintiff's claim for counsel fees as an element of damages must also fail since it is well settled that attorney's fees may not be awarded as a separate item of damages in the absence of contractual or statutory authorization. *Bibeault v. Hanover Ins. Co.*, R.I., 417 A.2d 313 (1980); *Orthopedic Specialists, Inc. v. Great Atlantic & Pacific Tea Co.*, R.I., 388 A.2d 352 (1978); *Waite v. Board of Review of the Department of Employment Security*, 108 R.I. 177, 273 A.2d 670 (1971); 4 Restatement (Second) Torts § 914 at 492 (1977).

For the reasons stated, the plaintiff's appeal is denied and dismissed, and the case is remitted to the Superior Court.

---

2. Counsel's sole argument on this point reads as follows:

"Where the conversion is wrong ab initio the plaintiff is not entitled to counsel fees."

3. Although authorities are not unanimous on the issue of the propriety of bringing an action in conversion after the return of a chattel, those jurisdictions which permit such action have generally held the measure of damages to be the difference between the market value of the chattel at the time of the taking and its value at the time of return, together with any expense incident to the recovery of the chattel. *See Annot.*, 3 A.L.R.2d 218 (1949). No evidence as to valuation of the chattel was presented.