DECISION
Before the Court is Douglas Keene's ("Plaintiff") Motion for Declaratory Judgment. The Retirement Board of the Rhode Island Employees Retirement System ("Defendant") has objected to the motion. The pertinent facts are as follows.
 Facts and Travel
The Plaintiff is a resident of North Smithfield and was employed as a firefighter in that town by the Primrose Fire Department. In the period of approximately twenty-two (22) years, the Plaintiff and the Fire Department participated in the Municipal Employee Retirement System ("MERS"). The Primrose Fire Department is a participating municipality in the system as defined in Rhode Island General Laws § 45-21-2(11) and (12).[1] The Plaintiff is now eligible to receive a pension pursuant to Rhode Island General Laws § 45-21-17.
According to the Plaintiff, in anticipation of his retirement from the Primrose Fire Department, he secured employment with the Fire Department for the City of Warwick. He intends to work for that department on a full-time basis. Neither the City of Warwick nor its Fire Department participates in MERS. The plaintiff now seeks to receive his pension while he is working for the City of Warwick. The Defendant has advised the Plaintiff that, pursuant to Rhode Island General Laws § 36-10-36(b), any pension payments must be suspended during any period that he is employed by any municipality for a period of more than seventy-five (75) working days or one hundred fifty (150) half days in any one calendar year.[2] The Plaintiff disagreed with the Defendant's advisement, and filed the present action seeking a declaratory judgment regarding the interpretation of Rhode Island General Laws § 36-10-36(b).
The Plaintiff first states that the dispute between the parties centers on the interpretation of Rhode Island General Laws § 36-10-36(b). The Plaintiff argues that the court should, under a proper reading of Rhode Island General Laws § 36-10-36(b), construe the phrase "any municipality" to mean "any participating municipality." A nonparticipating municipality, he maintains, would be a town or city that does not contribute to MERS pursuant to Rhode Island General Laws §45-21-1. By not contributing to MERS, the Plaintiff suggests that the nonparticipating municipality is akin to a private employer, and, as a result, the public retiree should not lose the benefit of his pension when he or she chooses to work for such an entity.
In support of this argument, the Plaintiff points out that the Legislature distinguishes between participating and nonparticipating municipalities. The Plaintiff states that when § 36-10-36(b) is read as a whole and in pari materia with § 45-21-8, the intent of the Legislature to prevent "double dipping" is clear. He also states, however, that nothing stops a retiree from working for a private employer or a nonparticipating municipality, and that the intent of the legislature was to limit post retirement employment only when the second employer was a participating municipality, thereby resulting in increased benefits from MERS.
The Defendant argues that the intent of Rhode Island General Laws § 36-10-36(b) is clear and unambiguous and must be applied literally. Specifically, the Defendant asserts that the express words "any municipality" conveys a clear and sensible meaning. The Defendant also points out the words "municipality" and "participating municipality" are both specifically defined and are separate concepts. Furthermore, the Defendant argues that § 36-10-36(b) serves a legitimate end, and discourages public employees from leapfrogging to nonparticipating municipalities as soon as they are eligible to draw from MERS. Finally, the Defendant states that when construing an ambiguous statutory provision, great deference is owed to the interpretation by the agency charged with its enforcement. Here, the Defendant argues that its interpretation is reasonable and consistent with the statute's clear and ambiguous language.
 Standard
"[I]n interpreting a legislative enactment, it is incumbent upon [the court] `to determine and effectuate the Legislature's intent and to attribute to the enactment the meaning most consistent with its policies or obvious purposes.'" Town of North Kingston v, Albert, 767 A.2d 659, 662 (R.I. 2001) (citing Brennan v. Kirby, 529 A.2d 633, 637 (R.I. 1987)). When a statute is clear and unambiguous, the court "must interpret the statute literally and must give the words of the statute their plain and ordinary meanings. . . ." The Retirement Board of the Employees' Retirement System of the State of Rhode Island v. Diprete, 1999 WL 813723, at p. 2 (R.I. Super. 1999) (quoting Accent Store Design Inc. v. Marathon House, Inc., 674 A.2d 1223, 1226 (R.I. 1996)). Finally, when interpreting a statute meaning and intent, "this Court will not construe a statute to reach an absurd result." Town of North Kingston, 767 A.2d at 662.
 Rhode Island General Laws § 36-10-36(b)
The issue in this case is whether Rhode Island General Laws §36-10-36(b) requires MERS to suspend pension benefits to a retiree who is re-employed by "any municipality," as the Defendant argues, or "any participating municipality," as the Plaintiff argues. This section of the Rhode Island General Laws has been discussed by our Supreme Court in the recent past. The Court has held that § 36-10-36(b) is "both reasonable and necessary to advance the legitimate public purpose of fostering public confidence in the State's retirement system by restricting the proclivity of some public pensioners to indulge in what is colloquially referred to as `double dipping' — that is, the simultaneous receipt by retired public employees of both a salary for state reemployment and a state pension." Romano v. Retirement Bd. of Employees' Retirement System of R.I., 767 A.2d 35, 38 (R.I. 2001) (citing Retired Adjunct Professors v. Almond, 690 A.2d 1342, 1347 (R.I. 1997)). In those cited cases, however, there was no mention of the difference between a participating and a nonparticipating municipality for purposes of § 36-10-36(b). Therefore, the issue of whether 36-10-36(b) applies to "any municipality' or "any participating municipality" is subject to this Court's interpretation of the statute.
As previously stated, when statutory language is clear and unambiguous on its face, a court must assign to such statutory language its plain and ordinary meaning. Rhode Island General Laws § 36-10-36(b) clearly outlines the consequences to a retired person who is re-employed by "any municipality" for more than seventy-five (75) working days or one hundred fifty (150) half days. The section unambiguously states that "[p]ension payments shall be suspended whenever this period is exceeded."
The Plaintiff argues that the true intent of the Legislature in enacting this section is revealed when read in connection with the other statutes regarding the retirement of municipal or state employees. That argument may very well have succeeded if § 36-10-36(b) was unclear and ambiguous. That, however, is not the case. Moreover, the Legislature provided for two separate definitions for "Municipality" and "Participating municipality." See Rhode Island General Laws §45-21-2(11) and (12). If the Legislature's intent in suspending pension payments when enacting § 36-10-36(b) was to pertain only to "participating municipalities," as the Plaintiff suggests, and not to "any municipalities," as the section provides, it could have very easily just written "participating municipalities."
Lastly, although the Plaintiff attempts to imply legislative intent from other sections and titles of the General Laws, our Supreme Court has noted that the court's goal in statutory interpretation "is to construe [a] statute as it is written and not to divine sound public policy out of legislative silence, references to imagined legislative intentions, or [the court's] own predilections." State v. DiStefano, 764 A.2d 1156, 1185-86 (R.I. 2000) (citing Kaya v. Partington, 681 A.2d 256, 267-68 (R.I. 1996)). This Court finds that § 36-10-36(b) is clear and unambiguous, and it will not construe the statute to provide something that it does not, or that the Legislature did not intend. See Orthopedic Specialists, Inc. v. Great Atlantic Pac. Tea Co., Inc., 388 A.2d 352, 357 (R.I. 1978) (". . . [when] statutes are neither equivocal nor ambiguous, there is no room for implication by judicial construction in this controversy, and [the court] may not consider whether the disputed provisions are consistent with [the court's] conception of justice, expediency, or sound public policy.") The section clearly states "any municipality" and not "participating municipality." Therefore, the Plaintiff's Motion for Declaratory Judgment is denied.
Counsel shall prepare an appropriate order and judgment.
[1] Rhode Island General Laws § 45-21-2 states in pertinent part:
 45-21-2. Definitions. — The following words and phrases as used in this chapter have the following meanings unless a different meaning is plainly required by the context:
 (11) "Municipality" means any town or city in the state of Rhode Island, any city or town housing authority, fire, water, sewer district, regional school district, public building authority as established by chapter 14 of title 37, or any other municipal financed agency to which the retirement board has approved admission in the retirement system. (12) "Participating municipality" means any municipality which has accepted this chapter, as provided in § 45-21-4. . . .
[2] Rhode Island General Laws § 36-10-36(b) states:
 (b) Any member who has retired under the provisions of titles 16, 36, or 45 may be employed or reemployed by any municipality within the state for a period of not more than seventy-five (75) working days or one hundred fifty (150) half days with half day pay in any one calendar year without any forfeiture of or reduction of any retirement benefits and allowances the member is receiving or may receive as a retired member. Pension payments shall be suspended whenever this period is exceeded. No additional contributions shall be taken and no additional service credits shall be granted for this service. Notice of employment shall be sent monthly to the retirement board by the employer and by the retired member.