241 A.2d 231.
WALTER MARSHALL SPINNING CORP. OF R. I. *vs.*
JOSEPHINE DI VONA.

APRIL 30, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is an employer's petition to review an employee's total incapacity. It is before us on the employee's appeal from a decree of the workmen's compensation commission which affirmed the finding of the trial commissioner that the employee was able to perform light work.

While working for her employer as a spinner, the employee was injured on July 17, 1964. Her injury is described as a "Chip Fracture Distal Phalanx Right Thumb." In support of its petition to review, the employer presented as a witness before the trial commissioner a well-qualified physician who had examined the employee on April 11, 1967. That portion of the physician's testimony which is relevant for purposes of this appeal is recorded in the transcript as follows:

Q. "As of that day [April 11, 1967], did you have an opinion as to whether or not Mrs. Di Vona was capable of performing any work?

A. "I have in my note here that she could not. She was totally disabled for resuming her former occupation as a spinner. I feel that perhaps some type of light work she could perform compatible with her present condition.
"* * *

Commissioner: "Would you want to proscribe any limitations?

Mr. Skolnik: "I don't like to do this, Commissioner, but I object to any further questions.
"* * *

Commissioner: "You said she could do some type of light work?

Mr. Skolnik: "Excuse me, I think he said 'perhaps she could do some type of light work.'

> Commissioner: "What, if any, limitations would you place upon her; or if you prefer, will you explain what you mean by some type of light work?
>
> Witness: "Work which wouldn't require excessive use of the right hand; work which would not require any dexterity; work which would not require any pressure on the thumb in the right hand."

The gist of the employee's appeal centers around the use of the word "perhaps" as it appears in the physician's testimony. In essence, the employee's contention is that the doctor's conclusion that she could return to some form of light work is rendered nugatory because he prefaced this conclusionary statement with the word "perhaps." She argues that his testimony lacks the definitiveness necessary to support the commission's finding; and she characterizes the doctor's conclusion as pure speculation or surmise. As authority for her position, she refers us to *Serrecchia* v. *Atlantic Mills*, 79 R. I. 242, 87 A.2d 419.

In *Serrecchia*, this court reversed a finding that the employee did not suffer from a permanent injury because it was based upon medical testimony which amounted to nothing more than sheer speculation. In the instant appeal, however, we have reviewed the doctor's testimony with some care and we conclude that his remarks are not conjectural or speculative. *Serrecchia*, therefore, in our opinion is not controlling here.

We are disinclined to follow the employee's urgings that we take a microscopic view of the physician's testimony. She would have us review only that portion of the doctor's testimony which is set forth above in which he is reported as indicating his belief that the employee could "perhaps" perform some light work. We are satisfied from our examination of the entire record, with particular regard being given to all the testimony of the doctor taken before the trial commissioner, that there is legally competent evidence upon which the decision of the full commission can rest.

In such a situation we have a clear duty to affirm its decree. *Chartier* v. *North Central Airways, Inc.*, 102 R. I. 81, 228 A.2d 539.

We believe that a fair analysis of all the evidence adduced from the medical expert shows that he was of the opinion that the employee could not resume her former occupation as a spinner but could do some type of light work which would not require the excessive use of the right hand, unusual dexterity or place pressure on her injured thumb. It is our opinion that the word "perhaps" considered contextually and syntactically was employed by the doctor in its colloquial sense and not in the absolute literal sense. In using the term as he did, the doctor was suggesting the type of work which his patient could undertake. While the grammatical construction of the physician's first reply may leave something to be desired, a practical construction of his responses shows unquestionably that he considered the employee capable of doing certain types of light work.

The employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Abatuno & Chisholm, Vincent J. Chisholm,* for petitioner.

*Abedon, Michaelson, Stanzler and Biener, Richard A. Skolnik,* for respondent.