*Samuel H. Workman, Frank F. Pinkos,* for complainant. *Henry M. Boss,* for respondent.

IRENE LA PALME HARVEY *vs.* CHARLES J. BROWN.

MARCH 4, 1936.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CAPOTOSTO, J.   This is an appeal from a decree of the superior court granting the petitioner's motion for commutation of weekly payments to a lump-sum payment under the Workmen's Compensation Act.

The petitioner is the widow of Leo Harvey, who died June 14, 1934, from injuries sustained in the course of his employment as a steeple jack.   The superior court found that at the time of his death, the petitioner was living apart from her husband for justifiable cause, and that she was entitled to compensation under the act as the widow of the deceased for a period of three hundred weeks at $10 a week from the date of his death.   A decree to this effect was entered by that court on May 17, 1935.   In August of the same year the petitioner filed a motion for the commutation of these weekly payments to a lump sum. This motion was heard and granted by a justice of the superior court, and, on August 16, 1935, a decree was entered commuting future payments in the sum of $2,251.34. The respondent appealed from this decree, contending that

the decision is not supported by legal evidence and that it does violence to the purpose and intent of the statute.

The petitioner was the only witness at the hearing in the superior court. She testified that she was thirty years old and a widow with no children; that for about ten years she worked for one I. G. Mann, who conducted a machine-sewing business in the city of Providence; that her employer was willing to make her a partner in that business if she would invest $1,500 and that she wanted the weekly payments commuted so that she might take advantage of the offer, as she had reason to believe that this investment would increase her income. She further testified that the increased income would assist her in caring for five brothers and sisters, who had been more or less dependent upon her since the death of her father and mother. No evidence was presented at this hearing as to the financial condition of the business in which the petitioner proposed to invest her money, except her own statement that it was an "established" and "going business."

Counsel for the respondent rested his case at the end of the petitioner's testimony and asked the court to deny commutation on the ground that the evidence did not warrant such an order, and that it was against the spirit of the compensation act to pay a lump sum for the purpose of investment. He further contended that the compensation provided by the act was for the support of dependents and not of third parties, and urged the court to take into consideration the possibility of the death or remarriage of the petitioner during the period of compensation.

Arguments against these contentions were made in behalf of the petitioner, and then the trial justice asked one of her attorneys if he thought that "this is a good thing for her to invest in?" Upon receiving an affirmative answer, he continued: "I don't know. I suppose that this money is to be paid to her for her best interests, that's all, because of the loss of her husband. What is for her best interests? Where will it do her the most good?" The trial justice

then commented upon the high standing of the two attorneys who appeared in her behalf, which is not questioned by us, and concluded by saying: "I don't think they would allow her to invest it in a jack rabbit scheme. I think I will grant the petition if *they* feel it is for her best interest. You may enter a decree." (italics ours)

This petition is brought under the provisions of general laws 1923, chap. 92, art. II, sec. 25, which reads as follows: "In case payments have continued for not less than six months either party may, upon due notice to the other party, petition the superior court for an order commuting the future payments to a lump sum. Such petition shall be considered by the superior court and may be summarily granted *where it is shown to the satisfaction of the court* (italics ours) that the payment of a lump sum . . . will be for the best interest of the person or persons receiving or dependent upon such compensation." Section 6 of that same article, as amended by public laws 1926, chapter 764, sec. 5, provides, among other things, that upon the death of a widow without children, or upon her remarriage during the compensation period, all compensation shall cease and determine.

The fundamental principle of the Workmen's Compensation Act is that the benefits which it grants to an injured workman or to his dependents shall be a substitute for the weekly wages that the workman would have earned but for his disability or death resulting from an accident in the course of his employment. The object of this law is to provide weekly payments to the injured workman or to his dependents, irrespective of any question of negligence, as a protection against the consequences that ordinarily follow an impairment or destruction of earning power. The provisions of the act that permit the commutation of these periodical payments to a lump sum are intended to furnish relief in exceptional cases with unusual or special circumstances. The very restrictions imposed by the act indicate that commutation is the exception and not the rule in com-

pensation cases. *Sangamon Mining Co.* v. *Industrial Commission,* 315 Ill. 532; *Sunlight Coal Co.* v. *Industrial Commission,* 350 Ill. 125; *Roma* v. *Industrial Commission,* 97 Ohio St. 247. Our act provides that no request for commutation can be entertained by the court unless "it is shown to the satisfaction of the Court" that the granting of such request will be for the best interest of the person or persons entitled to compensation.

Where a court is designated and authorized, on proper procedure, to determine the necessity or propriety of commutation, the court may not arbitrarily exercise the power so vested in it by the act. An order changing periodical payments to a payment in a lump sum is not justified under the Workmen's Compensation Act unless the court, in the exercise of sound discretion and from legal evidence, finds that the circumstances before it reasonably require such a change.

The burden of establishing by legal evidence the right to commutation in any given case rests with the moving party. *Lupoli* v. *Atlantic Tubing Co.,* 43 R. I. 299; *Bacon* v. *United Electric Rys. Co.,* 51 R. I. 84. Following the general rule that where a court is vested with discretion, its decision will not be set aside on appeal unless it clearly appears that there was an abuse of discretion, this court will not ordinarily interfere if there is legal evidence to support the decision. To come within this rule, however, the record must show that the trial justice reached his conclusion from the evidence before him and not upon extraneous considerations. *New York Shipbuilding Co.* v. *Buchanan,* 84 N. J. L. 543.

In the instant cause, the trial justice did not decide the issue solely from the evidence, but reached his decision by relying to a considerable degree if not entirely, upon the representations of the attorneys for the petitioner. To act upon considerations that are not reasonably presented by the sworn testimony is to act without legal evidence and a decision so made is reviewable by this court. *Collins* v.

*Cole,* 40 R. I. 66. Statements by counsel not in evidence cannot be substituted for legal evidence. The question of commutation is to be determined by the trial justice and no one else from the circumstances in evidence before him apart from the judgment of any one in interest. In our opinion there was no judicial determination of the issue presented in this cause, and therefore the action of the trial justice granting an order for commutation is without force and effect.

The appeal of the respondent is sustained, and the cause is remanded to the superior court for a determination upon legal evidence of the propriety, or otherwise, of commuting the weekly payments of the petitioner to a lump sum.

*Robert E. Quinn, Henry E. Crowe, Thomas Hetherington,* for petitioner.

*Moss, Haslam & Arnold, W. Vincent Sumpter, Harry A. Tuell,* for respondent.

