GEORGE P. GARDNER, JR. *vs.* ATLANTIC TUBING & RUBBER COMPANY.

MARCH 16, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an appeal by an employer from a decree entered by the superior court granting the petition of an employee for the commutation of weekly payments under the workmen's compensation act to a present lump sum payment.

Two questions are raised by the respondent; first, as to whether, on the record presented, the· superior court was justified in ordering commutation of payments; second, if it was, should the amount of such commutation be computed on the present rate of payment and on the basis of the full period provided for in the act for permanent total disability, or should it be computed on a lower rate and on the basis of the shorter maximum period provided for in the act for partial disability.

The record shows that the petitioner was injured in the course of his employment on June 17, 1936, while working for the respondent. By reason of this injury it became necessary to amputate the petitioner's left hand at a point a short distance above the wrist. An agreement, confirmed by the director of labor, was thereafter duly entered into by the parties, under which the respondent has been paying the petitioner specified weekly payments on the basis of total disability and also for the special injury incurred. The present petition was filed not long after the expiration of the six months period following the confirmation of such agreement.

The petition was supported by testimony from the petitioner, his father and a physician. The respondent introduced no evidence. At the time of the hearing in the superior court it appeared that the petitioner was twenty years of age. His mother was dead and he had several brothers and sisters, none of them very young. The father was regularly employed. The petitioner was unmarried and had no one directly dependent upon him. The evidence also showed that the petitioner, who was right-handed, was physically in excellent condition, except for the loss of his

left hand, in place of which he used an artificial member. It is conceded that his habits and character were good. He was by occupation a laborer, having left school at the age of sixteen before completing the sixth grade. He was educated for no particular trade or occupation, and it is reasonably clear from the record that he is not mentally equipped to learn readily, and, therefore, probably must depend on the use of his hands to make a living.

In order to show to the satisfaction of the court that the payment of a lump sum, in lieu of future weekly payments, would be for the best interest of the petitioner, evidence was introduced in his behalf substantially to the effect that, if the petition was granted, he would use the money received thereunder to establish himself in a small business from which he could derive a livelihood. This business would be conducted in the neighborhood in which he was brought up and had always lived and in which he had many friends. No similar business was being run in or near the locality in which the petitioner proposed to operate. Further, he was to be assisted and advised by an older man who was familiar with the type of business in question.

Upon consideration of the record herein, we cannot say that the justice of the superior court was in error in granting commutation. There was legal evidence to support his finding. Unquestionably the general rule is that petitions of this kind will be granted only in exceptional cases.

In *Harvey* v. *Brown,* 56 R. I. 34 at page 37, we stated that: "The object of this law is to provide weekly payments to the injured workman or to his dependents, irrespective of any question of negligence, as a protection against the consequences that ordinarily follow an impairment or destruction of earning power. The provisions of the act that permit the commutation of these periodical payments to a lump sum are intended to furnish relief in exceptional cases with unusual or special circumstances. The very restrictions imposed by the act indicate that com-

mutation is the exception and not the rule in compensation cases." Nevertheless, instances do occasionally occur when commutation is proper and for the best interest of the injured employee. Where a petitioner has satisfied the trial justice that such is the case, and said justice has made his ruling on legal evidence before him and in the exercise of his sound discretion, we shall not disturb such a finding unless it clearly appears that he has abused his discretion. *Harvey* v. *Brown, supra.*

Our holding in this regard is not contrary to previous decisions of this court in which commutation was refused, viz., *Lupoli* v. *Atlantic Tubing Co.,* 43 R. I. 299, *Bacon* v. *United Electric Rys. Co.,* 51 R. I. 84 and *Harvey* v. *Brown, supra.* In the *Lupoli* case the petitioner introduced no evidence to satisfy the trial court that commutation would be for the former's best interest. In the *Bacon* case it was held that the evidence did not show any definite or proper use to which the petitioner intended to apply the money if commutation were allowed. In the *Harvey* case the finding of the trial justice was not based on legal evidence before him, but on statements of counsel.

The question then remains as to the correctness of the finding of the trial justice that the petitioner was totally and permanently incapacitated. The injury suffered by him is, of course, permanent. By the terms of general laws, 1923, chapter 92, art. II, sec. 10, it is provided that the loss of both hands shall be conclusively presumed to have resulted in permanent total disability. No such presumption exists when only one hand is lost, and the degree of disability then following becomes a question of fact to be determined from the particular circumstances of each case. If permanent total disability is claimed by a petitioner the burden of proving that fact rests upon him.

In the instant case, the record shows that the petitioner has by agreement been receiving weekly payments based on present total disability. To support his claim that this

total disability would continue and be permanent, he presented as a witness a physician who testified that, in his opinion, the petitioner was totally and permanently disabled. This opinion was based largely on the fact that the petitioner had no trade, little education and was fitted for manual labor only. The witness stated in substance that, in his judgment, only good fortune or further education offered any possibility for the finding of employment by the petitioner. The trial justice, who saw and heard the witnesses testify, was of the opinion that the petitioner "could not possibly earn a living by his mental attainments."

No evidence whatever was introduced by the respondent to meet the above testimony. The respondent made no attempt to show the degree or extent of the petitioner's disability, or the length of time such disability would in all reasonable probability continue. In this respect the case at bar differs from *Lupoli* v. *Atlantic Tubing Co., supra,* in which case the respondent offered such evidence to aid the court. On this state of the record, we can not say that the trial justice was clearly in error in deciding, from the undisputed facts, that the petitioner would be totally incapacitated, at least for the period of total disability as set out in the statute.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the superior court for further proceedings.

*Frederick W. O'Connell, Swan, Keeney & Smith,* for petitioner.

*William A. Gunning,* for respondent.