235 A.2d 341.

Joseph Masi *vs.* A. Gasbarro & Sons, Inc. *et al.*

NOVEMBER 16, 1967.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is a petition to adjudge the respondents in contempt for their failure to comply with a decree of the workmen's compensation commission ordering a lump sum commutation of all future compensation payments due the petitioner. The trial commissioner entered a decree which granted the prayers of the petition. On the respondents' appeal, the full commission reversed the trial commissioner and a new decree was entered which denied and dismissed the petition. The case is before us on the petitioner's appeal from this latter decree.

The petitioner was injured while working for respondent employer on July 25, 1963. As a result of his injuries, he received weekly compensation payments from that time up to March 1966. On March 23, 1966, he filed a petition with the workmen's compensation commission requesting that all future weekly payments due him be commuted to one lump sum payment. A hearing was held on this petition and on March 25, 1966, a decree was entered ordering respondents to pay to petitioner the sum of $3,000 from which his counsel was awarded a fee of $500.

Thereafter, 18 days elapsed since the entry of the decree. During this time petitioner had not received any payment and consequently on April 13, 1966, his counsel filed the instant petition. This action precipitated a reaction on respondents' part and on April 21, 1966, their attorney mailed

to petitioner's counsel a draft in the amount of $3,000. It was dated April 15, 1966, and was issued at Boston, Massachusetts, by respondent insurer. The draft, which was made payable to both petitioner and his counsel, carried a notation which indicated that it was in full satisfaction of and in accordance with the March 25, 1966 decree. It was received and accepted by petitioner's counsel on April 22, 1966.

In pressing his petition before us, petitioner relies on G. L. 1956, §28-35-43, as amended, and contends that he is entitled to the benefit of the penalty provision it contains. This section reads as follows:

> "28-35-43. Time payments due under order or decree—Penalty for delinquency.—Payment of compensation under a decision of the commission becomes due upon the effective date of the order and weekly thereafter on the same day. If any payment payable under the terms of an order or decree is not paid within fourteen (14) days after it becomes due there shall be added to such unpaid payment an amount equal to twenty per cent (20%) thereof, which shall be paid at the same time as, but in addition to such compensation unless such non-payment is excused by the workmen's compensation commission after a showing by the employer or insurer that owing to conditions over which he had no control such payment could not be paid within the period prescribed for payment; provided, however, that if within one (1) year next preceding the due date of any payment which is not paid within fourteen (14) days after it becomes due, two (2) or more payments payable under the terms of such order or decree have not been paid within fourteen (14) days after such payments have become due, it shall be conclusively presumed that the failure of the employer to make the instant payment was owing to conditions over which he had control."

The trial commissioner awarded petitioner the sum of $600, this being the amount of the penalty set forth in the

statute. In overruling the trial commissioner,[1] the commission held that the penal statute was applicable. However, it found that petitioner, by accepting the sight draft, had waived his right to seek the benefit of the statute cited by him.

We affirm the action of the commission in denying the instant petition. We do not, however, deem it necessary to determine if petitioner's acceptance of the draft can be considered as a waiver because in our opinion a lump sum payment due under a decree is not within the purview of the statute cited by petitioner.

A study of §28-35-43, as amended, discloses that this legislation was enacted to insure the prompt regular payment of weekly compensation benefits due an employee under a compensation decree ordering periodic payments. The first sentence of this section specifically states that payment is due on the effective date of the order and weekly thereafter on the same day. We believe the mandate in this section is clear; it provides that payments are to be made each week on the same day after the effective date of the order awarding compensation; and it further directs that an employer's or his insurer's liability is to be considered in the light of the regularity with which weekly payments had been made during the prior year. The statute, concisely paraphrased, provides that an employer or his insurer is foreclosed from presenting evidence as to any reasons for failing to make a timely payment under the act if it is shown that in the preceding year either one was delinquent on two or more

---

[1]In addition to imposing the statutory penalty on respondents the trial commissioner also awarded petitioner the sum of $14.04 as interest. The commission in its decision observed that interest on awards in workmen's compensation cases was granted pursuant to §9-21-9. *Zielonka* v. *United States Rubber Co.*, 77 R. I. 167, 74 A.2d 246. In striking this provision from the trial commissioner's decree, the commission pointed out that this section is no longer of any force and effect as it was specifically repealed by the enactment of P. L. 1965, chap. 55, sec. 35. The petitioner does not dispute the correctness of this finding.

occasions in making payments pursuant to the decree. Hence, it appears obvious to us, this section of the act bears no appositeness to commutation payments. Indeed, we are of the opinion that the legislature intended to make this section applicable only to a decree or order which called for the weekly payments of workmen's compensation due an injured employee.

The petitioner in urging the correctness of his position points to the language of the second sentence of §28-35-43, as amended, which discloses that a 20 per cent penalty will be imposed if "* * * any payment payable under the terms of an order or decree is not paid within fourteen (14) days after it becomes due * * *." In taking this position petitioner either ignores or completely overlooks the explicit directive of the first sentence of the section, to wit, that compensation payments are due on the effective date of the order and *weekly thereafter on the same day*. In espousing this rather narrow-eyed view of the statute, petitioner reminds us that on several occasions we have said that the provisions of the workmen's compensation act are to be construed liberally. We acknowledge this to be so, but we will not, however, invoke this principle when to do so would distort the plain meaning and intent of the statute.

The fundamental principle of the workmen's compensation act is that the benefits it affords shall be a substitute for the weekly payments a workman would have received but for his injury or death. This legislation was promulgated to provide an injured employee with weekly payments of compensation as a protection against the consequences that ordinarily follow the impairment or destruction of earning power. *Harvey* v. *Brown,* 56 R. I. 34, 183 A. 639. We think §28-35-43, as amended, is an effective implementation of this legislative goal.

We have pointed out in several instances that the provisions of the workmen's compensation act which permit the

commutation of periodic compensation payments to a lump sum are to be employed only in unusual or exceptional circumstances. *Gardner* v. *Atlantic Tubing & Rubber Co.*, 60 R. I. 243, 197 A. 874; *Bacon* v. *United Electric Rys.*, 51 R. I. 84, 150 A. 818.

Since compliance has been had with the March 25, 1966 decree, the commission's finding that the respondents were not in contempt was correct. In so holding we point out that a petitioner who has not received a lump sum commutation which was ordered paid to him by the workmen's compensation commission is not remediless. In *Segrella* v. *Workmen's Compensation Commission*, 91 R. I. 282, 162 A.2d 810, we ruled that pursuant to §28-30-1, the workmen's compensation commission has the power to cite and punish for contempt any individual who refuses to obey its order or decree. This remedy is available, and in the appropriate circumstances it may be used when necessary.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed as modified by this opinion, and the case is remitted to the workmen's compensation commission for further proceedings.

*Abedon, Michaelson, Stanzler & Biener, Milton Stanzler, Richard Mittleman,* for petitioner.

*Gunning & LaFazia, Raymond A. LaFazia,* for respondent.