Robert G. **EATON**

v.

**SEALOL, INC.**

No. 81–590–Appeal.

Supreme Court of Rhode Island.

July 9, 1982.

Slepkow, Slepkow & Rappoport, Stephen M. Rappoport, Providence, for petitioner.

Eldridge H. Henning, Jr., Providence, for respondent.

---

**1148**

## OPINION

PER CURIAM.

This case came before the court on an order to show cause why the appeal should not be dismissed. After reviewing the record and hearing arguments of counsel on May 25, 1982, we conclude that cause has not been shown.

Robert G. Eaton, the employee, has appealed from a decree of the Workers' Compensation Commission denying his petition to adjudge the employer, Sealol, Inc., in contempt for failing to make a timely payment of benefits.

While employed by Sealol, Eaton sustained a work-related injury. The trial commissioner rendered a written decision awarding compensation benefits to Eaton, and the decree was entered on January 30, 1980.

Sealol mailed its first payment check on February 19, 1980, the same day that Eaton filed this petition to adjudge Sealol in contempt for failing to follow the terms of the decree. Specifically, Eaton claims that Sealol's failure to comply with G.L.1956 (1979 Reenactment) § 28–35–43, which requires an employer to make its first payment within fourteen days of the effective date of the decree, entitled him to a penalty fee equal to 20 percent of the first payment.

The commission denied the petition, finding that Sealol had complied with § 28–35–43, even though the first payment was made nineteen calendar days after entry of the decree by the trial commissioner. In his appeal from this ruling, Eaton claims that the commission erroneously interpreted the phrase "the effective date of the order." We disagree.

The commission correctly determined that § 28–35–43 must be considered in conjunction with §§ 28–35–28 and 28–35–33. Section 28–35–28 provides that a person aggrieved by the trial commission's decree can appeal to the appellate commission within five days, exclusive of Saturdays, Sundays, and holidays. Section 28–35–33 stays the effect of the trial commission's decree if either party appeals to the appellate commission.

It is true that the provisions of the Workers' Compensation Act are to be construed liberally to effectuate its remedial purpose. *Orthopedic Specialists v. Great Atlantic & Pacific Tea Co.*, 120 R.I. 378, 388 A.2d 352 (1978). However, § 28–35–43 is a penal statute enacted to ensure the prompt regular payment of weekly compensation benefits due an employee under a compensation decree ordering periodic payments. *Masi v. A. Gasbarro & Sons, Inc.*, 103 R.I. 136, 235 A.2d 341 (1967).

A statute that is penal in nature must be strictly construed in favor of the party on whom the penalty is sought to be imposed. *See State v. Dussault*, R.I., 403 A.2d 244 (1979); *Little v. Conflict of Interest Commission*, R.I., 397 A.2d 884 (1979). Construing § 28–35–43 in accordance with the above principle leads to the conclusion that the effective date of the order occurs when the statutory appeal period has expired.

The employee's appeal is denied and dismissed; the decree appealed from is affirmed, and the case is remanded to the Workers' Compensation Commission.

BEVILACQUA, C.J., and KELLEHER, J., did not participate.