Patricia A. MEHRTENS

v.

Peter DAVIS et al.

No. 89-99-M.P.

Supreme Court of Rhode Island.

May 23, 1990.

Oleg Nikolyszyn, Jackvony & DiMitri, Providence, for plaintiff.

Christopher S. Gontarz, Updegrove & Gontarz, Middletown, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on a petition for certiorari filed by Patricia A. Mehrtens (petitioner) to review a judgment of the Superior Court affirming a decision by the Conflict of Interest Commission (commission). This decision imposed a fine of $10,-000 on the petitioner with an alternative provision that the petitioner might resign her position as town clerk. We quash the judgment. The facts of the case insofar as pertinent to this petition are as follows.

The petitioner was a member of the Town Council of the Town of Burrillville from 1982 until her resignation on November 1, 1985. On October 6, 1985, the town clerk of Burrillville died, thus leaving that position vacant. Although the office of town clerk in Burrillville is filled by election, in the event of death or resignation, the town council has authority to appoint a person to fill the unexpired term as long as it takes this action within thirty days. In the event that the position is not filled within that time, a special election is required.

During the year 1985 Burrillville was governed by a town council of seven members. Of this number, six were members of the Republican Party and one was a member of the Democratic Party. The petitioner was one of the Republican members, all six of whom were also members of the executive board of the Republican town committee.

On October 27, 1985, a meeting of the Republican town committee was held in executive session at the home of its chairman Thomas Pysczynski. The filling of the vacancy was discussed, and petitioner was questioned concerning her willingness to accept an appointment for the unexpired term. The petitioner indicated that she

would prefer not to accept such an appointment but might be willing to do so if no other Republican could be found to serve in this capacity. Prior to this meeting, the chairman of the Republican town committee had approached four individuals, including petitioner, and offered to nominate them to fill the vacancy. All four declined the nomination.

At the regular monthly meeting of the town council held October 30, 1985, petitioner was informed that the council had found no other person who was qualified who would accept the nomination for the unexpired term of town clerk. Consequently petitioner was nominated for the office of town clerk at the meeting and elected by a vote of five to one. The petitioner abstained from voting or participating in the discussion on this matter.

Thereafter, petitioner resigned from her position on the council by letter dated November 1, 1985. The resignation was accepted on November 4, 1985, at a special meeting during which petitioner was sworn as the town clerk for the unexpired term of the deceased incumbent. At this meeting Roland Huguenin suggested that petitioner's appointment might violate the conflict-of-interest statute, G.L.1956 (1984 Reenactment) § 36–14–4 and § 36–14–5. Huguenin filed a complaint with the commission which held hearings on this matter after issuance of a finding of probable cause on January 21, 1986. Following the hearings, the commission reached certain conclusions of law that may be summarized as follows:

"As a member of the Burrillville Town Council, Respondent was an elected official within the meaning of R.I. Gen. Laws § 36–14–2 and § 36–14–3(1) and as such was subject to the prohibited activities section of the Conflict of Interest Law. We find that by her abstention and silence at the Town Council meeting on October 30, 1985, when she was nominated and appointed to the Town Clerk's position which carried an annual salary in excess of $25,000, as well as by her acquies[c]ence during the events that led up to that Town Council action, and by her acceptance of the position as evi-

denced by her swearing in before the Council on November 4, 1985, Respondent knowingly and willfully violated R.I. Gen. Laws § 36–14–4(a),(b), (d),(e)(1) & (2).

"Respondent's Counsel has argued that since Respondent abstained on the October 30th vote she cannot be held accountable for the actions of her colleagues. We do not share that view. In certain instances public officials have an affirmative duty to act on or speak to an issue. Regulation 1009 b.5. acknowledges that a public official may make a government decision when the official determines 'not to act'. That Regulation reads:

'A public official makes a government decision when the public official acting within the authority of his or her office:

1. votes on a matter

2. appoints a person

3. obligates a state or municipal agency to a course of action

4. enters into any contractual agreement on behalf of a state or municipal agency

5. determines not to act within the meaning of 1, 2, 3 and 4 unless the decision not to act is made because of a potential conflict of interest.'

"In this instance Respondent could have declined the nomination, voted against it, and not accepted it."

The statute to which reference is made as a basis for the violation, § 36–14–4, read as follows at the time of this hearing:

"Prohibited activities.—(a) No elected or appointed state or municipal official shall, while serving as such, have any interest, financial or otherwise, direct or indirect, or engage in any business, employment transaction or professional activity, or incur any obligation of any nature, which is in substantial conflict with the proper discharge of his duties or employment in the public interest and of his responsibilities as prescribed in the laws of this state, as defined in § 36–14–6.

(b) No such person shall accept other employment which will either impair his independence of judgment as to his official duties or employment or require him, or induce him, to disclose confidential information acquired by him in the course of and by reason of his official duties.

* * *

(d) No person enumerated in § 36–14–2 shall use in any way his public office or confidential information received through his holding any public office to obtain financial gain other than that provided by law, for himself or spouse (if not estranged) or any dependent child or business associate or any business by which said person is employed or which said person represents.

(e) No person enumerated in § 36–14–2 or any business associate of such person unless otherwise provided by law:

(1) Shall represent himself or any other person or act as an expert witness before any state or municipal agency of which said person is a member or is employed, elected or engaged except in the performance of his official duties;

(2) Shall after severing his official position represent himself or any other person or act as an expert witness before the state or municipal agency of which said person was a member or was employed, elected or engaged for one (1) year after he has officially severed his position; Provided, however, That this prohibition shall not pertain to a matter of public record in a court of law."

The commission imposed a fine of $10,000 upon petitioner but gave her the alternative option of resigning her position as town clerk. She resigned the position and therefore was not required to pay the fine. Nevertheless, she appealed the order of the commission to the Superior Court pursuant to the Administrative Procedures Act, G.L. 1956 (1988 Reenactment) § 42–35–15. A justice of the Superior Court affirmed the order of the commission. Pursuant to a petition for certiorari we issued the writ on July 7, 1989. In support of her petition, petitioner raises a number of issues that are consolidated into one issue for purposes of our opinion.

## DID PETITIONER VIOLATE THE CONFLICT–OF–INTEREST STATUTE BY ACCEPTING THE APPOINTMENT AS TOWN CLERK UNDER THE CIRCUMSTANCES OF THIS CASE?

Stripping the finding to its essentials, the commission's determination concluded that petitioner violated the statute by accepting the nomination and appointment. The commission summarized its conclusion by the statement "in this instance [petitioner] could have declined the nomination, voted against it, and not accepted it."

Thus the commission and the Superior Court held that a member of a legislative body may not accept an appointment within the power of that body to bestow while he or she is a member thereof, even though he or she refrains from voting on the question and does not seek the appointment or advocate his or her candidacy therefor. In reaching this conclusion, both the commission and the trial justice committed an error of law.

This court in *Advisory Opinion to the Governor*, 504 A.2d 456 (R.I.1986), clearly advised the commission that when a member of a State agency becomes aware that business in which such member has a financial interest will come before the agency, the appropriate response of such member is to recuse himself or herself from participation in such business or voting thereon. The commission had taken a position that only resignation would be appropriate. In reaching this conclusion, we construed § 36–14–4(e) as not requiring such a Draconian response as resignation when a potential conflict of interest occurred. We suggested that the commission's interpretation would lead to a purposeless or nugatory result. *Id.* at 462. We further suggested that if the Legislature desired to enact such a drastic provision, it would have done so specifically. In sum we held that the commission had redrafted the statute to reach its desired result.

When the conflict-of-interest statute, chapter 14 of title 36, was enacted by the

General Assembly, in P.L.1976, ch. 93, § 1, the Legislature was not writing upon a clean slate but was prohibiting certain activities within a context of established practices at the national, state, and local levels of government. It was undoubtedly aware of the fact that members of Congress have been appointed to positions of honor and trust by their colleagues while they were serving as representatives or senators. Such appointments included that of Gerald Ford to the office of Vice President while he was a member of the House of Representatives to fill a vacancy pursuant to Article XXV, section 2, of the Constitution of the United States. Obviously Representative Ford did not vote upon his own selection. It is equally clear that he acquiesced in the appointment and later became President of the United States.

It was also well known to the Legislature that at least one person (while serving as a member of the House of Representatives) was elected by the General Assembly to fill out the unexpired term of Attorney General upon the vacating of that office by an incumbent who had been elected to the Supreme Court of Rhode Island. Moreover, when, on a number of occasions in the past, governors have nominated members of the Senate to serve as members of the judiciary or the Workers' Compensation Commission, such nominations were confirmed by the remainder of the Senate, notwithstanding the fact that the nominee was serving in the ranks of that legislative body. From time to time, the Grand Committee of the General Assembly has elected members of the House of Representatives to serve as justices of the Supreme Court.

At the time of these appointments it was not perceived that any conflict of interest resulted that could not be cured by the recusal of the nominee from voting upon his or her confirmation or election. This perception existed in spite of a constitutional provision which in effect prohibited any member of the General Assembly from being of counsel in any case pending before either House under penalty of forfeiture of his position. That provision is set forth in the present constitution as article VI, section 4.

In light of the context in which the conflict-of-interest statute was enacted, we are of the opinion that if the Legislature desired to make a member of a legislative body ineligible to receive an appointment to a position of trust and honor while serving as a member of the same body having the power to appoint or confirm such appointment, it would have done so in clear and explicit terms. This, however, the Legislature has not done.

By its interpretation the commission has, in essence, amended the statute in order to reach the result that the commission thought to be desirable. The commission had no such authority. The commission's duty is to implement a penal statute. Such a statute must be clear and unequivocal in describing the actions that are prohibited. A person of reasonable intelligence must be given notice by the statute of the conduct that is proscribed. *State v. Calise*, 478 A.2d 198 (R.I.1984); *Eaton v. Sealol, Inc.*, 447 A.2d 1147 (R.I.1982); *Little v. Conflict of Interest Commission*, 121 R.I. 232, 397 A.2d 884 (1979).

In the case at bar a reasonable reading of the statute as interpreted by this court would require no more than recusal by the person to whom the appointment was offered. The commission in effect held that the person must refuse the appointment. The statute does not so require.

In light of our determination of the major issue posed by this petition, it will not be necessary for this court to pass upon the necessity for petitioner to have sought advice from the Conflict of Interest Commission pursuant to § 36–14–5. It is obvious that such advice would have been erroneous in any event.

For the reasons stated, the petition for certiorari is granted, and the judgment of the Superior Court is hereby quashed. The papers in the case may be remanded to the Superior Court with our decision endorsed thereon and with direction to enter judgment for the petitioner.