Robin LACROIX

v.

NULCO MANUFACTURING CO.

No. 91–561–M.P.

Supreme Court of Rhode Island.

Jan. 14, 1993.

John A. Toro, John Harnett, Providence, for plaintiff.

Earl Metcalf, Gallagher & Gallagher, Providence, for defendant.

OPINION

MURRAY, Justice.

This case came before us on the petition of the employer, Nulco Manufacturing Company (Nulco), for writ of certiorari. The employer seeks review of a decree of the Workers' Compensation Court entered on October 7, 1991, in favor of the employee, Robin Lacroix (Lacroix).[1] The sole issue to be resolved is whether the Appellate Division of the Workers' Compensation Court erred in retroactively applying an amended statute to a previously decided decree. After careful review of the record we find that there was error, and therefore we grant the employer's petition for certiorari.

The facts of this case are uncontroverted. On or about March 10, 1987, employee sustained permanent disfigurement of the right hand as a result of injuries suffered during her employment at Nulco. Consequently employee filed a petition with the Workers' Compensation Court seeking specific compensation. By consent decree entered at the Workers' Compensation Court on April 12, 1988, Nulco agreed to pay employee ten weeks of specific compensation benefits for the scarring since it resulted from a work-related accident. The rate of specific compensation to be paid Lacroix was $80 per week. Additionally Nulco was ordered to pay employee's attorneys fees in the amount of $350.

On or about June 22, 1988, Nulco's insurance company issued a check to Lacroix in

---

1. At the time the immediate action was initiated in 1987, the Workers' Compensation Commission retained the jurisdiction necessary to carry out the duties delegated to it under the provisions of the Workers' Compensation Act, G.L. 1956 (1986 Reenactment) chapters 29 through 38 of title 28. Section 28–30–1. In the course of this litigation, however, chapter 332 of Public Laws 1990 amended the Workers' Compensation Act to replace the Workers' Compensation Commission with the Workers' Compensation Court, a judicially and administratively independent entity. P.L.1990, ch. 332, § 1. Additionally, chapter 332 renamed the "trial commissioners" the "trial judges" and the "appellate commission" the "appellate division." P.L.1990, ch. 332, § 5. For purposes of clarity in this opinion, we will refer to each of these entities as they are known presently.

the amount of $800. In the meantime, however, Lacroix filed a petition to enforce the consent decree, asserting that neither she nor her counsel had received payment from employer. That petition sought to have employer adjudged in contempt and ordered to pay the original amounts due plus interest, additional counsel fees, and penalty fees.

The employee's petition to enforce was scheduled to be heard by a single trial judge of the Workers' Compensation Court on December 15, 1988. The resultant decree, entered on March 17, 1989, found employer [2] to be in contempt of the original consent decree but ordered that Nulco may purge itself of contempt by paying $300 in attorneys fees directly to employee's counsel. Additionally the trial judge refused to grant penalties and interest to Lacroix.

The employee appealed the trial judge's failure to award her penalty fees to the Workers' Compensation Appellate Division pursuant to G.L.1956 (1986 Reenactment) § 28–35–28. Her reasons of appeal specifically stated that the trial judge's decree was against the law and the evidence because the original consent decree "called for the payment of specific compensation which is in the way of punitive damages and therefore there was all the more reason to award penalties and interest." The employee's appeal was heard before a three-member panel of the appellate division. By decree dated October 7, 1991, the panel reversed the ruling of the trial judge and awarded employee a penalty in the amount of 20 percent of the specific compensation she was paid by Nulco, or $160. This decree also awarded employee's counsel the original fees owed and a further counsel fee of $500 for the successful prosecution of employee's appeal.

Nulco petitioned this court for writ of certiorari. We granted employer's petition on April 16, 1992. The issue before us is limited to the appellate division's reversal of the judgment below. Thus, a brief summary of the appellate division's decision is in order.

Before reversing the trial judge, the appellate division expressly stated that the trial judge correctly relied upon this court's decision in *Masi v. A. Gasbarro & Sons, Inc.*, 103 R.I. 136, 235 A.2d 341 (1967), in refusing to impose a 20–percent penalty against employer. In *Masi* we held that the penalty imposed for delinquent payments under § 28–35–43 applies only to a decree or order which prescribes weekly compensation due an injured employee and not to lump sum payments. *Masi*, 103 R.I. at 140, 235 A.2d at 344. Additionally the Workers' Compensation Appellate Division reiterated its own determination that any penalty due to an employee after fourteen days of nonpayment has no application to counsel-fee payments or "specific" compensation pursuant to G.L.1956 (1986 Reenactment) § 28–33–19. The appellate division thereafter found that in 1989 the trial judge properly held that specific compensation payments due employee were not subject to a penalty. Nonetheless the appellate division further reasoned that a 1990 amendment to the Workers' Compensation Act was retroactively applicable to employee's petition to enforce the 1988 consent decree. Our study of the 1990 Public Laws leads us to believe that this reliance is misplaced and resulted in an error on a question of law.

The judgment of the appellate division makes reference expressly to chapter 332 of the 1990 Public Laws. However, the appellate division incorrectly identifies the section of the Public Laws that amends the portion of § 28–33–19 at issue here and therefore relies on an improper effective date. More specifically, the appellate division determined that this court's decision in *Masi* was "changed by the legislature with respect to Section 28–33–19 specific compensation by the enactment of P.L. 1990, ch. 332, Art. IV section 3." Although section 3 of that chapter of the 1990 Public laws did alter the language of § 28–33–19(a)(14)(B), the amended portion of § 28–33–19 that is at issue here is confined to § 28–33–19(a), as amended by P.L. 1990, ch. 332, art. IV, § 30. That section of the

2. The decree erroneously states that employee is in contempt of the consent decree, but it seems

clear that the trial judge intended to hold employer in contempt.

1990 Public Laws adds the following language to § 28–33–19(a):

"Notwithstanding the fact that the payment of specific compensation is calculated weekly, the actual payment made to the employee shall be paid in a one time payment within fourteen (14) days of the entry of a decree, order or agreement of the parties."

The appellate division declared that this amendment to § 28–33–19 became effective on September 1, 1990, and has retroactive application as expressly provided in P.L. 1990, ch. 332, § 16. The appellate division thereafter determined that the 20–percent late-payment penalty as required by § 28–35–43 shall be awarded to employee. Even though we need not reach the issue of whether late-payment penalties apply to specific compensation awards, we must address the retroactive application of the 1990 amendments to the Workers' Compensation Act.

The effective date of the 1990 amendment that requires a fourteen-day period within which an employer must pay specific compensation benefits to an employee is governed by P.L.1990, ch. 332, § 32, which specifically renders article IV of chapter 332 "effect[ive] upon passage." Section 30, which amends § 28–33–19(a), and three other sections are organized under article IV of that chapter and will therefore operate prospectively upon passage of the statute and not retroactively. *See C.H. Langdeau v. Narragansett Insurance Co.*, 96 R.I. 276, 279, 191 A.2d 28, 30 (1963).

Conversely we find that the appellate division's application of section 16 of chapter 332 was clearly in error. Public Laws 1990, ch. 332, § 16 governs the effective date for the sections within article I of chapter 332. The section within article I of chapter 332 that amends § 28–33–19 alters only § 28–33–19(a)(14)(B), which is irrelevant to the case at bar. No other section within article I modifies the language of § 28–33–19 to require the fourteen-day payment period for specific compensation. Accordingly the retroactive language as set forth in P.L.1990, ch. 332, § 16 is inapplicable to plaintiff's petition to enforce the 1988 consent decree.

Our review of the appellate division's decree in this case is limited to a determination of whether that entity erred in deciding questions of law. Section 28–35–30(a)(3). The applicability of an amended statute is clearly a question of law, and therefore its error requires us to set aside the decree of the appellate division.

For the reasons stated, the employer's petition for certiorari is granted. The final decree of the Appellate Division of the Workers' Compensation Court is quashed and the papers are remanded to the Workers' Compensation Court with instructions to reinstate the March 17, 1989 decree of the trial judge.