**Ann BOTTINI**

v.

**SHAW'S SUPERMARKET.**

**Dorothea HILL**

v.

**JEWISH HOME FOR THE AGED.**

Nos. 97–401–M.P., 97–489–M.P.

Supreme Court of Rhode Island.

July 14, 1998.

John Harnett, Carl J. Asprinio, Providence, for plaintiff.

Elaine D. Giannini, Providence, for Shaw's Supermarket. Howard L. Fledman, for Jewish Home for the Aged.

Before BOURCIER, FLANDERS and GOLDBERG, JJ.

**OPINION**

PER CURIAM.

These consolidated cases came before a panel of this Court on June 16, 1998, pursuant to orders directing the parties to appear and show cause why the issues raised in the employees' petitions for certiorari from decrees of the Appellate Division of the Workers' Compensation Court denying their requests for imposition of a 20 percent late-payment penalty should not be summarily decided.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in these consolidated petitions will be decided at this time.

Both Ann Bottini (Bottini) and Dorothea Hill (Hill) were injured in work-related accidents for which they both were awarded weekly workers' compensation benefits pursuant to G.L.1956 chapter 33 of title 28, and disfigurement benefits pursuant to § 28–33–19. The payment of the disfigurement benefits was not made, however, within fourteen days following the entry of the orders awarding Bottini and Hill workers' compensation benefits and as a result petitions in the nature of petitions to enforce were filed by both Bottini and Hill. Each contends that pursuant to G.L.1956 § 28–35–43 imposition of a 20 percent penalty is mandated. We disagree and affirm.

> Section 28–35–43 reads in part as follows: "Payment of compensation under a decision of the court becomes due upon the effective date of the order *and weekly thereafter* on the same day. If any payment payable under the terms of an order or decree is not paid within fourteen (14) days after it becomes due there shall be added to that unpaid payment an amount equal to twenty percent (20%) thereof, which shall be paid at the same time as, but in addition to, that compensation unless the nonpayment is excused by the workers' compensation court after a showing by the employer or insurer that owing to conditions over which he or she had no control the payment could not be paid within the period prescribed for payment; provided, however, that if within one year next preceding the due date of any payment which is not paid within fourteen (14) days after it becomes due, two (2) or more payments payable under the terms of the order or decree have not been paid within fourteen (14) days after the payments have become due, it shall be conclusively presumed that the failure of the employer to

make the instant payment was owing to conditions over which he or she had control." (Emphasis added.)

This Court in *Masi v. A. Gasbarro & Sons, Inc.*, 103 R.I. 136, 140, 235 A.2d 341, 344 (1967) construed § 28–35–43 and concluded that "the legislature intended to make this section applicable only to a decree or order which called for the weekly payments of work[ers'] compensation due an injured employee." We said in *Masi* that § 28–35–43 was enacted to "provide an injured employee with weekly payments of compensation as a protection against the consequences that ordinarily follow the impairment or destruction of earning power" and that the 20 percent penalty for late payments was an effective legislative incentive to ensure the prompt payment of those weekly benefits. 103 R.I. at 140, 235 A.2d at 344.

Payment due an injured worker for disfigurement or loss of use is not, however, a weekly benefit. It is instead a one-time-sum payment calculated according to a set number of weeks for different degrees of disfigurement or loss of use. Thus, like a lump-sum commutation payment, it is a one-time payment, not a weekly benefit payment.

The employees argue here that the Appellate Division, in two decisions made after *Masi*, found that *Masi* was no longer controlling with regard to payments made under § 28–33–19 as a result of the 1990 amendment to that section (P.L.1990, ch. 332).[1] That amendment had added a last sentence to § 28–33–19, stating that "[n]ot withstanding the fact that the payment of specific compensation is calculated weekly, the actual payment made to the employee shall be paid in a one time payment within fourteen (14) days of the entry of a decree, order or agreement of the parties." Public Laws 1990, ch. 332, art. 4, § 30.

Since that 1990 amendment to § 28–33–19, the Legislature has, however, seen fit to amend the statute again (P.L.1992, ch. 31). With this new amendment it is clear that contrary to the employees' position, *Masi* is

---

1. *Buongiovanni v. State of Rhode Island*, W.C.C. 87–2978 (App.Div.1992); *LaCroix v. Nulco Mfg. Co.* W.C.C. 88–4084 (App.Div.1991). This Court was never given an opportunity to review those two decisions of the Appellate Division.

still controlling in regard to whether the penalty provision in § 28–35–43 applies to specific compensation awards. The new amendment, which replaces the sentence quoted above, reads as follows:

"Payment made under this section shall be made in a one time payment unless the parties otherwise agree. Payment shall be due within fourteen (14) days of the entry of a decree, order or agreement of the parties." Public Laws 1992, ch. 31, § 5.

The new amendment, which was in effect when the decrees in both these cases were entered, clearly and unambiguously states that this is a "one time payment" and therefore should not be confused with a weekly payment. Thus, § 28–35–43 does not apply to any one-time payments made pursuant to § 28–33–19 because it specifically refers, in its first sentence, only to payments that are made "weekly." This conclusion is consistent with our reasoning in *Masi*. As we explained in that opinion:

"A study of § 28–35–43, as amended, discloses that this legislation was enacted to insure the prompt regular payment of weekly compensation benefits due an employee under a compensation decree ordering periodic payments. The first sentence of this section specifically states that payment is due on the effective date of the order and weekly thereafter on the same day. We believe the mandate in this section is clear; it provides that payments are to be made each week on the same day after the effective date of the order awarding compensation; and it further directs that an employer's or his insurer's liability is to be considered in the light of the regularity with which weekly payments had been made during the prior year. The statute, concisely paraphrased, provides that an employer or his insurer is foreclosed from presenting evidence as to any reasons for failing to make a timely payment under the act if it is shown that in the preceding year either one was delinquent on two or more occasions in making payments pursuant to the decree. Hence, it appears obvious to us, this section of the act bears no appositeness to commutation [lump sum] payments. Indeed, we are of the opinion that the legislature intended to make this section applicable only to a decree or order which called for the weekly payments of workmen's compensation due an injured employee." *Masi,* 103 R.I. at 139–40, 235 A.2d at 343–44.

That analysis is equally applicable to the facts now before us, especially in light of the 1992 amendment to § 28–33–19, which clearly expressed the intent of the Legislature to characterize specific compensation awards as one-time payments and not as weekly payments that could arguably be controlled by the penalty provision of § 28–35–43.

Accordingly, for all the foregoing reasons, the consolidated petitions for certiorari of Hill and Bottini are denied, the writs previously issued thereon are quashed, and the decrees are affirmed. The papers in these consolidated cases are remanded to the Workers' Compensation Court with our decisions endorsed thereon.

WEISBERGER, C.J., and LEDERBERG, J., did not participate.